Porter & Nash,

PORTER v. NASH.

1. A declaration describes a promissory note as bearing date, and payable *sometime during the last of the month of October, or about the first of the month of November*, 1838, is had on demurrer, although it is averred, that the note is lost, and that the affidavit required by the statute, has been filed.

2. Instructions applicable only to one count of the declaration are properly refused when requested generally, as covering the whole case.

3. A judgment will not be reversed because of an erroneous charge to the jury when it appears that no injury was done to the adverse party, under the circumstances of the case.

4. Interest is properly allowed on a count for money had and received, if the demand on which the recovery is had, is lawfully entitled to bear interest.

Writ of error to the Circuit Court of Perry County.

ASSUMPSIT.—One count is on a promissory note, averred to have been lost; this note is described as bearing date and and payable *sometime during the last of the month of October, or about the first of the month of November*, 1838. The count then alleges that the note was lost or mislaid "as appears by the affidavit here produced and shewn to the court." To this was added the common money counts. The defendant demurred to the first count, and pleaded in bar of the others. The Circuit Court overruled the demurrer. After which the defendant pleaded non assumpsit. Verdict and judgment for the plaintiff. In the progress of the trial the deposition of a witness was offered in evidence, which stated that the witness was present when a conversation was had between the parties, in which the defendant acknowledged he was justly indebted to the plaintiff, to the amount of fifteen hundred dollars, on a due bill or promissory note payable to the plaintiff, which the latter said he had lost; also that he was indebted in the further sum of fifty dollars, for money borrowed by the plaintiff and applied to the use of defendant. It was likewise admitted by the plaintiff,

Porter v. Nash.

that the defendant held a note on him for one hundred dollars. The witness could not state positively, the date of the note, but so far as his recollection served, it was due the first of January, 1839. He also stated, that no other notes or debts were mentioned in this conversation as due from the defendant to the plaintiff. No other evidence to sustain the suit was offered.

The defendant objected to the reading of the deposition, because the witness did not state the date of the note, and because that, described by him, was variant from the one set out in the first count, and did not correspond with the affidavit, that the plaintiff had made and filed. The deposition was admitted. The defendant then moved the Circuit Court to instruct the jury that, unless the note described by the witness, corresponded with the averment of the first count, and unless the date of the note was proved, a verdict ought to be found for the plaintiff; this was refused, and the jury instructed, that if they believed the witness was mistaken in his recollection of the time when the note became due, as he had not sworn positively, they might find for the plaintiff; but, if they were satisfied the witness was mistaken they could not so find; however, as there were three common money counts they ought to find in favor of the plaintiff on these, although the note proved, varied from that described. The defendant likewise moved the court to instruct the jury, if they should find for the plaintiff on the count for money had and received, they ought not under that count, to allow interest on the note; this was also refused, and the jury instructed to allow interest if they found for the plaintiff on either count. The defendant excepted to the decisions made on the several points raised, and assigns the same as error; and also, the decision overruling his *demurrer* to the first count.

ERWIN, for the plaintiff in error, submitted the case on the following points:

1st. The first count of the declaration is uncertain, and therefore the demurrer ought to have been sustained.

2d. The proof varied from the description and ought not to have been admitted.

Porter v. Nash.

3. Interest was not allowable on the count for money had and received. Chitty on Bills, 422.

VANDEGRAFF, contra.

GOLDTHWAITE, J.—1. The first count of the declaration instead of direct and positive averments of the date of the note, and its time of payment, contains a statement of these matters in a very loose and uncertain manner. It may be possible that the plaintiff was unable to furnish any more certain description of the note, having lost it from his possession, but this does not authorize a departure from the rule of pleading, which directs that all averments shall be direct, certain, and positive. [1 Chitty on Pleas, 236 to 421.]

The statute of 1828, respecting lost bonds, rules, &c. [Aikins' Digest, 329] does not change the rules of pleading in the case of a lost instrument; it provides " that when any person may have or own, or may have owned any bond, &c. the right or title to the same remaining in him, and the same shall be or have been, destroyed by fire, or lost, by accident, he shall be authorized, upon first making oath in writing, of the loss of the bond, &c. and that the same has not been paid, satisfied, or discharged, to sue at common law, and recover upon the same, on making proof of the contents of such bond, &c. so lost or destroyed. It is apparent, from this recital of the act, that if any change what-ever was made of the law as understood at its passage, that the pleadings remain precisely as before. A party is not without a remedy, although he may not be able to state the date or other description of a lost note, with certainty and precision. Nor would the fact that the evidence also was uncertain, as to such a matter debar him from a verdict on the common counts, if the jury was satisfied of the amount remaining due, and of the dis-tinction of the instrument or of its loss, if the adverse party could not be injured, by its afterwards coming to the possession of another. We think it was incumbent on the plaintiff, when he framed the first count of his declaration, on the note, to aver its description with the same certainty as in other cases; the al-legations of the loss of the note and of the filing of the affidavit,

does not cure the previous defect; the only use of these aver-ments being to dispense with oyer of the instrument, if it should be craved, under our rules of practice. The circuit court therefore erred in overruling the demurrer to the first count.

2. The objection to the deposition was properly overruled be-cause the evidence afforded by it, was amply sufficient to sustain the action, on the common counts, although it might not, without other evidence, be satisfactory to support the first count. And for a similar reason, the refusal to give the instructions request-ed, is without any legal objection; as they went to the whole case, when, (if they could be supported under any circum-stances,) they could have been properly given, as applicable alone to the first count.

3. The jury was instructed, that if they believed the witness was mistaken as to the time when the note became due, they might find for the plaintiff on the first count. The witness did not pretend, it is true, to speak positively to the date, yet if he was mistaken, there was no evidence whatever before the jury to authorize a verdict on this count, for the bill of exceptions distinctly sets out the fact, that no other evidence than the de-position was before the jury. This part of the instructions might have misled the jury so far as to cause them to give inter-est from October or November, instead of the following month of January; but if the amount of the verdict shows that the jury were not misled, and assessed the interest only from January, we should hesitate long before we would reverse the judgment for this cause, as we consider it clear that, a judgment ought not to be reversed even when an erroneous charge has been given, if it appears from the circumstances of the case, that no injury has been done to the adverse party.

As the judgment is necessarily reversed on the point previously mentioned, we need not examine the amount of the verdict to ascertain whether injury has or has not been done, and sufficient has been said to prevent a recurrence of a similar charge.

4. The instruction respecting the non-allowance of interest, if the verdict should be found on the count for money had and re-ceived, was correctly refused. Formerly it was the practice not

to allow interest on this count; (Chitty on bills, 422) but we are not aware that any such rule has obtained in the American courts. The course of practice in this State has always been the reverse, and we can perceive no reason why interest should not be allowed on a demand which is lawfully entitled to bear it, whether the recovery is had on a special or a general count.

For the error in overruling the demurrer to the first count of the declaration the judgment is reversed and the cause remanded.