## SMITH & GAREY *vs.* AWBREY.

1. The appellate court will not reverse on account of an error, when the record clearly shows that no injury resulted from it to the plaintiff in error.

(CHILTON, J., dissenting, held that the appellate court should reverse in favor of a party, against whom the court below has improperly overruled a demurrer to the declaration, although it may appear from the evidence set out in the record, that the plaintiff was entitled to recover under counts which are unobjectionable.)

2. If the owner of a promissory note give it up to one of the makers, with the understanding that another note is to be executed in its stead, this will not discharge either one of the makers.

ERROR to the Circuit Court of Perry. Tried before the Hon. John D. Phelan.

THIS was an action of assumpsit, instituted by Awbrey against the plaintiffs in error, on a promissory note alleged to have been lost, affidavit being made of the loss under the statute. The declaration contained a special count on the note and the common counts. The defendants demurred to the special count, and their demurrer being overruled, pleaded the general issue, on which a verdict was rendered against them.

It was shown in evidence, that the plaintiff had given up the note to Smith, because it was written with pale ink and he could not read it well, with the understanding that Smith should execute a new note in its stead, with the same or with other security, and that it was destroyed accidentally while in his possession.

The defendant Garey asked the court to charge the jury, in substance, that upon this evidence the plaintiff could not recover, as against him, either under the special count, or the common counts, which charge the court refused to give, and the defendant excepted.

A. B. MOORE, for plaintiffs in error:

1. The declaration is demurrable as to the first count:
Because of uncertainty.—1 Ala. 452.

Because the declaration alleges that the note upon which the suit is founded is lost, but does not state that an affidavit was made before the institution of the suit, of such loss.

Because the declaration is not verified by affidavit—see Clay's Dig., 333, § 112; Bell, use, v. Moore, 9 Ala. 823.

2. The affidavit of the loss of the note should have been made before the suit was commenced, and cannot be made afterwards. Clay's Dig. 382, § 9; Posey & Coffee v. Bank, 12 Ala. 802. In this case the writ was issued on the 10th Jan. 1849, and affidavit was made on the 9th Feb. 1849.

3. Under the common counts in the declaration no recovery can be had upon a lost note, unless the amount of the note is proved with certainty, and unless it is also proved that the note or bill lost is so lost or destroyed that the defendant can never again be called on to pay it.—13 Ala. 544; Greenl. Ev. 131.

The delivery of the note to the principal, as shown in the bill of exceptions, was a discharge of Garey, his security, who is the party defending, and the court should have given the first charge asked by defendant below, to the jury.—Story on Con., § 870; McKay & McDonol v. McKay, 5 Ala. 388.

JOHN, *contra:*

1. The declaration is sufficiently certain in the description of the note—a certain day is stated as the date, (which need not be,) and the day it fell due is certainly and truly stated.

2. The special count is sufficient upon a lost instrument in a suit at common law, and it was not necessary that the plaintiff should make an affidavit before bringing a suit which may be sustained at common law. It is only in cases where the court cannot take jurisdiction that the affidavit is necessary; and if the jurisdiction of the court depends upon the affidavit, it must be made before the suit is commenced.

3. The Statute of 1823, (Clay's Dig. 333, § 112,) does not apply to a case of this character. At common law no affidavit was required. The statute was not intended to change the rules of pleading, except as to suits upon such lost instrument as did not authorise a suit at common law.

4. But admit that the special count is insufficient, there is in this case the usual common counts, and the testimony as set out shows that the plaintiff was entitled to recover under the common counts in the declaration.—2 Greenl. Ev. 130, § 156; Chaudron v. Hunt & Norriss, 3 Stew. 31; Branch B'k at Mobile v. Tillman, 12 Ala. 214; Bank of Mobile v. Williams, 13 ib. 544;

Posey & Coffee, ex'rs, v. Decatur Bank, 12 ib. 802; Pintard v. Thackington, 10 Johns. 104-7; Eagle Bank v. Smith, 5 Conn. 71 ; Clay's Dig. 326, § 66, and 381, § 6.

5. The reason no recovery can be had at common law on negotiable instruments when lost, is, that the maker may be compelled to pay again to the holder. That reason docs not exist in this case ; because it is very clear from the evidence that the note was totally distroyed while in the possession of R. Smith, after it had been executed and delivered by Smith & Garey to Awbrey—hence the common law jurisdiction is clear.

6. The fact that Awbrey delivered the note to Smith, that a new note might be written and signed by him and Garey in a more legible hand, cannot effect the right to a recovory. The liability of Smith & Garey was not released—such was not the intention of either of the parties, nor was it the effect of what they did. The fact that Smith held evidence of indebtedness in his own hands for the purpose proven, did not discharge the debt nor release either of the makers from liability.

7. The note while in existence was but the evidence of the liability of the makers to the payee, and not the liability itself, and neither the change of possession nor the destruction as proven could destroy the liability. Therefore secondary evidence of the indebtedness could be given under the common counts after establishing the loss, and if sufficient, as it clearly is in this case, the plaintiff should have recovered even if there had been no special count, or if the demurrer had been sustained to the special count.

8. The judgment in this case effects the proper result, and will not be reversed for errors which did not injure the plaintiff in error.—Ledbetter v. Castles et al., 11 Ala. 149; Shehan v. Hampton, 8 ib. 942.

9. The defendant had the benefit of all the grounds of defence to which he was entitled, and therefore the judgment should not be reversed.

PARSONS, J.—We do not find it necessary to determine whether the first count in the declaration was good or not. There was a demurrer to it, which was overruled; and if the count was bad there was error, certainly, in overruling the demurrer. But if this were a harmless error, an error which really injured no one, it is according to the established course of this court not to

reverse for it. In this view of the case, the only difficulty is in reconciling this with the case of Porter v. Nash, 1 Ala. 452. In that case there was a special count on a lost promissory note, and the common money counts. The defendant demurred to the special count and pleaded in bar to the others. The demurrer was overruled below, erroneously, as this court held, and therefore the judgment was reversed.

If it did not clearly appear in that case, that the defendant below was not injured by the error, then that case is distinguishable from this. In this case it appears clearly that if the demurrer had been sustained, or the count never filed, the plaintiff below should have recovered, under his other counts, the precise sum which he did recover. I therefore think the judgment should not be reversed; and in this I am sustained, I think, by the principle of several decisions of this court, since the case of Porter v. Nash. It has been determined that although a demurrer to a plea was improperly sustained, yet as it appeared that the defendant had the benefit of the facts stated in it under another plea, he could not insist on the error, as no real injury was done him.—4 Ala. 230; 8 ib. 161; 3 ib. 942; 17 ib. 699. It is not necessary now to determine how far Porter v. Nash, and Bell v. Moore, 9 Ala. 823, are consistent, in other respects, with the Branch Bank at Mobile v. Tillman, 12 ib. 214; 17 ib. 813, and the Bank of Mobile v. Williams, 13 ib. 546, in which I fully concur. The cases in 13 ib. 545, and 1 ib. 454, show that in this case the plaintiff below could recover upon the common counts, as his note was destroyed.

The owner of the note gave it to one of the makers to the end that another note might be made, which was not done. We are entirely satisfied that this did not discharge either of the makers; and we are satisfied that there is no injurious error in the charge of the Circuit Court.

The judgment is affirmed.

CHILTON, J.—I do not think that we are relieved from investigating the sufficiency of the first count in this declaration, upon the ground that the evidence set out in the bill of exceptions clearly shows that the plaintiff is entitled to recover under the common counts, to the same extent which he seeks to recover upon the first, which is a special count. In the first place, the

Smith & Garey v. Awbrey.

bill of exceptions does not state that the evidence set out in it is all that was offered, so that for this reason, we cannot undertake to say that the defendant below has not sustained any injury. In the second place, if the demurrer was improperly overruled to the count and judgment had been taken upon it for the refusal of the defendant to plead over, he would clearly have been entitled to a reversal; his pleading over is no waiver of any matter covered by the demurrer, but the statute expressly reserves to him in such case the right to assign the overruling of the demurrer for error.—Clay's Dig. 334, § 121. In the last place, conceding the doctrine that the party can take no advantage of an error which works no injury to him, yet I hold that we must infer the party was injured, as a legal deduction, where he is forced to trial upon an insufficient declaration to which he properly demurred, but which demurrer was overruled. The cases are exceedingly numerous which hold that judgment should not be set aside, on account of charges of the court admitting testimony and overruling pleas, when no injury did or could result to the party; so also where from the whole record it is manifest a party can never succeed, he may not reverse; but I have found no case in our reports, nor have I ever met with one which holds that the appellate court will not reverse in favor of a party, as against whom the court has improperly overruled the demurrer to the declaration, because it may appear from the evidence that the plaintiff was entitled to recover under counts which are unobjectionable. I am reluctant at all times to differ from my brethren, but as I think the reasoning of the opinion and the ground upon which it is rested make a new application of the doctrine that the absence of injury renders error unavailing, and perhaps will lead to consequences not easily foreseen, I feel constrained to record my dissent.