[Hill's Administrator v. Nichols.]

# Hill's Administrator v. Nichols.

*Action for Breach of Special Contract, and on Common Counts.*

1. *Sufficiency of complaint in action on special contract.* — In an action on a writing which simply acknowledges the receipt of a specified sum of money, "on account of application for salt," the complaint must aver some promise or duty on the part of the defendant, growing out of the receipt of the money ; as, to return the money, or deliver a certain quantity of salt in lieu of it. A count which claims the sum of money specified, as "due by instrument in writing as follows," setting out the receipt, and avers that the defendant "by reason thereof, became liable to pay to plaintiff the said sum," and has failed to do so, shows no cause of action.

2. *Admissibility of contract declared on ; general objection to evidence.* — The written contract on which the action is founded is "evidence of the existence of the debt, or that the party undertook to perform the duty for which it was given" (Rev. Code, § 2681) ; and if it is not, of itself, competent evidence under the common counts in the complaint, an objection to its admissibility must be confined to those counts.

3. *Construction of receipt.* — A receipt, signed "Hill & Sulser," is not on its face the obligation of a partnership, but imposes a joint and several liability on the parties who signed it ; and in an action on such receipt, against *Oliver P. Hill,* or his administrator, the writing is competent evidence, without proof of his signature, or of the existence of a partnership.

4. *Burden of proof as to breach of special contract.* — In an action for the breach of a written contract, which acknowledges the receipt of money "on account of application for salt," the *onus* is on the defendant to show the delivery of the salt, and not on the plaintiff to show its non-delivery.

5. *Waiver of defective proof.* — A party cannot claim any advantage, in instructions to the jury, on account of the absence of evidence which was excluded on his own motion.

6. *Charge on "effect of evidence."* — A charge on the burden of proof in the case, is not a charge "on the effect of the evidence" (Rev. Code, § 2673), which the court is prohibited from giving unless requested.

7. *Error without injury in overruling demurrer to special count.* — The overruling of a demurrer to a special count, which is defective, is error without injury, when the bill of exceptions shows that the plaintiff was entitled to recover under the other good counts in his complaint.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. W. L. WHITLOCK.

This action was brought by John B. Nichols, against W. C. Wharton, as the administrator of Oliver P. Hill, deceased. The complaint contained two counts, which were in these words : "The plaintiff claims of William C. Wharton, as the administrator of the goods and chattels, lands and tenements of Oliver P. Hill, deceased, one hundred and sixty-five dollars, due by instrument in writing as follows : 'Received of J. B. Nichols one hundred and sixty-five dollars, on account of application for salt, as per list furnished, June 8, 1863.' (Signed) '*Hill & Sulser.*' (The said Sulser not being served, suit is discontinued as to him.) By reason whereof, the said Oliver P. Hill in his lifetime became liable to pay to the plaintiff said sum aforesaid ; and the said defendant in his lifetime did not pay the same, or any part thereof, to said plaintiff,

[Hill's Administrator *v.* Nichols.]

although often requested so to do; nor has the said sum been paid by his administrator as aforesaid, since the death of said O. P. Hill, though requested so to do. And the plaintiff claims of the said administrator, also, the further sum of one hundred and sixty-five dollars, for moneys loaned by the plaintiff to the defendant's intestate, on the 8th day of June, 1863, on account stated between the plaintiff and the defendant, O. P. Hill, now deceased, at his request; which said sum of money the said O. P. Hill became liable to pay the plaintiff in his lifetime, and failed, and the said administrator has become liable therefor, with interest thereon now due."

The defendant demurred to the first count, on the ground that it did not show any cause of action, but the court overruled the demurrer; and he then pleaded, " in short by consent — 1st, *non assumpsit;* 2d, payment; 3d, Confederate money; and, 4th, set-off." Issue was joined on all these pleas, and there was a trial by a jury, which resulted in a verdict and judgment for the plaintiff, for the sum specified in said writing, with interest thereon. On the trial, as the bill of exceptions states, the plaintiff offered the said writing in evidence, without proof of its execution. The defendant objected to its admission, " on the ground that it was not signed by the defendant's intestate individually, and because no proof had been made that said intestate and said Sulser were or had been partners." The court overruled the objection, and admitted the receipt; to which the defendant excepted. The execution of the receipt was afterwards proved. The plaintiff adduced evidence, also, tending to show a demand of the money from the defendant's intestate, and his failure to pay it; and that he had also demanded the salt from said intestate, who failed to deliver it; but the court excluded, on the defendant's motion, the evidence in relation to the salt.

The defendant requested the court, in writing, to charge the jury, " That it devolves on the plaintiff to show that the salt was not furnished as alleged and set forth in the complaint." The court refused to give this charge, and instructed the jury, *ex mero motu,* " That it devolves on the defendant to show that his intestate had accounted to the plaintiff, either for the money or the salt mentioned in said original writing in evidence before them." To the charge given, and to the refusal of the charge asked, the defendant excepted; and he now assigns as error the charge given, the refusal of the charge asked, the overruling of the demurrer to the first count in the complaint, and the overruling of his objections to evidence as above stated.

AIKEN & WHARTON, for appellant.

[Hill's Administrator *v.* Nichols.]

FORNEY & MARTIN, *contra.*

PETERS, C. J. — I have looked into this case with a strong inclination to sustain the ruling of the court below on the demurrer ; but I cannot find reasons sufficient to justify me in so doing. The first count of the complaint is clearly insufficient. Assumpsit lies for the recovery of damages for the breach of any contract, express or implied by law, which is not under seal. 1 Chitty's Pleadings, 90 *et seq. ;* Stephens on Pleading, 19 ; Gould's Pleading, 58, § 19 ; 1 Bacon's Abr. (Bouv. ed.) 395. The action must be brought in the name of the party really interested. Rev. Code, § 2523. The complaint should allege a promise, or a contract which shows a promise, by the defendant, or, as in this case, by the deceased in his lifetime, to the plaintiff, to pay a sum of money, or perform some other duty, and a breach of this duty, by a failure or refusal to pay the money, or to perform the duty specified in the contract. The count must allege all the facts necessary to support the action. 1 Chitty's Pl. 255. Here, the only contract alleged is the receipt. This does not show any promise to pay money, or an undertaking to do any other particular thing. The breaches alleged do not supply this deficiency. The receipt only shows that, on the 8th day of June, 1863, one hundred and sixty-five dollars were left by the plaintiff with the defendant's intestate and Sulser; but it does not show that the money was to be returned, or to be otherwise accounted for. In the case of a note, or a bond, this appears from the instrument itself ; and this is necessary to give the instrument the effect of a contract, on which assumpsit can be maintained. In addition to the receipt of the money, the count should have averred, that the defendant (or in this case, the defendant's intestate) promised to return the money to the plaintiff within some reasonable time, or, in lieu of the money, to deliver to the plaintiff so much salt as the parties may have agreed upon, or so much as the money would purchase. This averment, made in technical form, with the breaches already assigned, would have made the count complete and sufficient. The court erred, therefore, in overruling the demurrer.

There was no error in overruling the objection to the admission of the receipt in evidence. The first count shows that the *receipt* is the foundation of the action. It alleges that the money claimed was *due* by the contract set out in the receipt. When this is the case, the instrument itself " is evidence of the existence of the debt, or that the party undertook to perform the duty for which it was given." Rev. Code, § 2681. The contract was, then, good under the first count ; and if the motion to exclude was intended to apply to the second count only, it should have been confined to that count.

It does not appear that the receipt was treated by the plaintiff as the obligation of a partnership; nor does this appear on its face. It is simply the receipt of "Hill & Sulser." This would have been its legal effect, had the conjunction between these names been left out. Whatever liability the instrument creates, it is joint and several; and either party may be sued, or both. Rev. Code, §§ 2538-9. It was no release to Hill that Sulser was not sued. Rev. Code, § 2539; *Oliver* v. *Hutto*, 5 Ala. 211.

After the due execution of the receipt was proved, it was competent, so far as it went, under the second count, as evidence of money loaned, or of an account stated; and it seems that this count, however untechnically drawn, was intended to include both of these causes of action. The record does not show that all the evidence given at the trial is set out in the bill of exceptions. But it is made to appear that, in conjunction with the proof of the due execution of the instrument, there was a demand of the money mentioned in the receipt, by the plaintiff of the defendant's intestate, and his failure to pay it. There was proof, also, of a demand of the salt, and his failure to deliver it; but this proof was objected to by the defendant, and was ruled out by the court on his motion.

The court did not err in the refusal of the charge asked by the defendant. Whether the salt was delivered, was a matter of defence, and it was not incumbent on the plaintiff to prove it. Besides, the defendant himself had caused the evidence which established its non-delivery to be excluded from the jury; and by moving its exclusion, he consented to waive its proof. What a party consents to waive must be at his own injury, and not at the injury of the opposite party. 26 Ala. 686, 433; 7 Ala. 351; 1 Ala. 287. For the same reason, the charge given by the court " of its own motion " was not erroneous. Nor was this instruction a charge on " the effect of the testimony," which the court is prohibited from giving unless requested. Rev. Code, § 2678. When all the evidence is not set out in the record, this court will presume that there was, in connection with the evidence which is set out, other evidence also, which justified a charge given.

But the question still remains to be considered, whether the judgment of the court below should be reversed, on account of the error committed in overruling the demurrer to the first count, as has already been shown. I think it should not be. It does not appear that the defendant offered any evidence whatever in support of his pleas. The jury found that the plaintiff's case was fully proved. There were two counts in the complaint. One was good, and the other was bad. The verdict does not assess damages on both of these counts. The

sum found to be due is the principal and interest, or very nearly so, of the sum mentioned as claimed severally in each count. It is not the sum claimed in both counts together. When there are two counts, and both are sustained by the evidence, the plaintiff is entitled to judgment on each count, because the counts are as distinct as if they had been in two several actions. 7 Bacon's Abr. (Bouv. ed.) 466, and cases there cited. If, then, the plaintiff has a verdict and judgment on one count, which is good, it is no injury to the defendant, and he cannot complain. It was settled by our learned predecessors in this tribunal, in a case similar to this, that improperly overruling a demurrer to a special count, in a declaration containing also the common counts, is not a reversible error, when the bill of exceptions discloses the evidence, and shows the plaintiff's right of recovery under the common counts. *Smith & Gary* v. *Aubrey*, 19 Ala. 63. The principle thus settled justifies the affirmance of the case at bar. 1 Brickell's Digest, 780, §§ 96–99. The judgment of the court below is affirmed.