# Davis *v.* Jones.

## *Contest of Election for Mayor.*

1. *A name in the body of a bond not appearing with the signature, does not vitiate it.*—In a bond given for security for costs, the fact that the name of a person who did not sign it appears in the body of the bond, does not vitiate such bond as an obligation for costs.

2. *Costs; when new bond allowed.*—Where the contestant in a contest of election files undertakings for costs which were deemed and held insufficient, it is proper for the court to allow him to execute a new, different and proper security.

3. *Resignation of office; effect on contest.*—A person may resign an office to which he has been declared elected, even if he has been fairly elected, pending a contest of his election; but such resignation will not defeat or prevent the rendition of a judgment of ouster against him in the pending contest, if the contestant is, under the facts, shown to be entitled thereto.

4. *Judgment of ouster on default of plea.*—Where the contestee in a contest of an election pleads that he has resigned the office since his election, and a demurrer is sustained to the plea, and he declines to plead further, there is nothing left for the court to do but to enter judgment that he is not entitled to said office.

5. *Waiver in court below; effect on appeal.*—Where in a contest of an election the contestee declined to plead and judgment was rendered against him, and the court proposed to examine witnesses to determine whether or not the contestant was elected, and the contestee objected to the examination on the ground that there was already a judgment of ouster against

him, such contestee can not complain of the action of the court in deciding that the contestant was, at said election, duly and legally elected, whether the court should have so adjudged and decreed or not. What a party consents to waive in the court below he can not assign as error in the appellate court.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO.

This was a statutory contest of the election for mayor of the town of Guntersville, which was instituted by the appellee, George W. Jones, as contestant, against the appellant, Jeff D. Davis. The facts of the case are sufficiently stated in the opinion.

There was a judgment in favor of the contestant, and from this judgment the contestee appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

LUSK & BELL, for appellant, cited *Haggett v. Parrish*, 114 Ala. 515; *Wilson v. Duncan*, 114 Ala. 659.

O. D. STREET, *contra*, cited *Eaton v. Harris*, 42 Ala. 491; *Dunn v. Tillotson*, 9 Port. 272; *Pickett v. Pope*, 3 Ala. 552; *Hill v. Nichols*, 50 Ala. 336; *Wheeler v. Pope*, 5 Tex. 262; *Miller v. Keith*, 26 Miss. 166; *Hinson v. Brooks*, 67 Ala. 491; *Winn v. Dillard*, 60 Ala. 369.

HARALSON, J—Contest of election for mayor of the town of Guntersville, Marshall County, Alabama, held on the first Monday in January, 1899, under an act to establish a new charter for said town, approved February 12th, 1885.—Acts, 1884-85, p. 373.

Said act provides among other things, "That any election held under this act may be contested as is, or may be approved by the laws of the State for contesting the election of probate judge; and all the provisions of such laws in relation to contesting the election of a probate judge shall, so far as the same are or may be applicable, apply to contests of any election held under this act."

Section 1696 of the Code provides: "If the contest be of an election to the office of judge of the probate court,

[Davis v. Jones.]

the party contesting may file in the office of the clerk of
the circuit court of the county in which the election was
held, a statement in writing verified by affidavit, of the
grounds of the contest as provided in this article, and
must give good and sufficient security for the costs of the
contest to be approved by the clerk."

At the time the statement for a contest of said office
was filed by the contestant in the circuit court of Mar-
shall County, which appears to have been done on the
10th of January, 1899, he filed with the clerk security for
costs of said election which was approved by that officer.
When the case came on to be heard in the circuit court,
the defendant moved, among other grounds therefor, to
dismiss the proceeding for contest, for that the security
for costs was insufficient, the sureties not being solvent.
This objection was sustained and the contestant, upon
his request, was allowed to give an additional bond.
Thereupon, he filed in the court another bond for costs,
in the sum of $500, which, upon the objection of contes-
tee, that it contained a limitation as to penalty, was
stricken from the file. The contestant thereupon moved
the court to file still another security for costs of the
contest which he was allowed to do, to which defendant
objected because the security could not be given at that
stage of the proceedings, and because the name of W. A.
Mitchell, mentioned in the body of the security, as one
of the sureties, was not signed to the security. The lat-
ter ground is without merit. The security without the
name of Mitchell, was deemed sufficient and was ap-
proved by the clerk. The fact that he did not sign the
paper, though his name was mentioned in it as a surety,
did not vitiate it as an obligation for costs. The other
sureties, so far as appears, signed it without reference to
him. Nor was there any merit in the other objections as
to allowing the contestant to file new obligations with
security for costs. The contestant having filed the un-
dertakings for the costs which were deemed and held to
be insufficient, it was proper for the court to allow him
to execute a new, different and proper security.—*Wilson
v. Duncan,* 114 Ala. 659,670.

The defendant, on the 16th of January, 1899, filed his
answer in which he denied the grounds of contest, which

answer, after the ruling of the court on the question of costs, the contestee withdrew, and thereafter, he filed three special pleas, marked A., B. and C., which were in substance the same—that since the filing of said contest, and his answer thereto, he had resigned his office of mayor and his resignation having been duly accepted, and his successor appointed, he was not then—nor had he been, since the 3rd of that month—mayor of said town of Guntersville, and had not since the last named date been in possession of said office; that he could not deliver any of the books, records or papers pertaining to said office to any one, having himself no control of the same, and he in no way prevented or hindered the contestant from obtaining his said office.

The contestant demurred to said pleas on the grounds, in substance, that the fact that defendant had resigned the office of mayor, and his resignation had been accepted, and another person had been appointed to that office in his place, and that he could not deliver the office to contestant, was no answer or defense to the proceeding. The court sustained the demurrer to these pleas, and the defendant by his attorneys withdrew from the case and declined to plead further but made default, except for the purpose, as stated, of making objection to judgment being rendered against him: It was thereupon ordered, adjudged and decreed by the court, that the contestee had not been elected to said office at said election. The contestant then moved the court that a judgment be entered declaring that he had been elected to said office, but the court overruled the motion, and proceeded to hear evidence as to whether or not contestant had been elected to said office. and when the court was proceeding to hear evidence on that question, the contestee reappeared in the court by his counsel and objected to evidence being offered as to the election, as there was already a judgment of ouster against him, and the court sustained this motion, and entered judgment declaring that contestant had been duly elected to said office of mayor and had the right thereto.

When the contestee withdrew his answer to the com-

plaint, he rested his entire case on his special pleas of resignation. When the court sustained demurrers to these pleas, as we have seen, the "contestee's attorneys withdrew from the case and declined to answer further but made default except for the purpose of making objection to judgment against him," which was rendered, and he excepted. There can be no dispute as to the right of the defendant to resign his office when he did, even if he had been fairly elected.—*The State v. Fitts,* 49 Ala. 402; McCreary on Elections, § 352; Payne on Elections, § 238. It is equally clear, that he could not by resigning, defeat a judgment of ouster against him on the contest instituted by contestant. Such a defense as his resignation was no answer to the complaint, and the demurrers to the special pleas setting up that defense were properly sustained. Having withdrawn his answer denying the allegations of the complaint, the demurrer to his special pleas of resignation having been sustained, and the defendant declining to plead further, there was nothing left for the court to do but to enter judgment that he was not entitled to said office. The court went further, however, and decided that the contestant was, at said election, duly and legally elected to the office of mayor of said town. There had been a tie vote at said election between contestant and contestee, each having received 65 votes, whereupon, the sheriff, as he was authorized by the charter of the town to do, gave the casting vote for contestee and declared him elected. Whether the court should have so adjudged and decreed or not, we may not stop to inquire. The defendant is not entitled on this appeal to contest that matter. He objected to the inquiry of the court on that question. By his own conduct the only question he reserved and is entitled to have passed on here—besides the one as to the security for costs—is as to the correctness of the ruling of the court on the demurrers to his special pleas setting up his resignation. After his refusal to plead, and being in default for want of a plea, his only ground of complaint, on error assigned, is the action of the court in rendering judgment against him for the want of a plea. He waived all other defenses. What a party consents to waive in the court

below he cannot assign as an error in this court.—*Hill v. Nichols,* 50 Ala. 336. He has no right to question the correctness of the further action of the court in declaring the contestant elected. Whether that ruling was correct or not, is a matter in which he has no concern on this appeal.

Affirmed.