# THE PEOPLE *v.* PORTER.

Elections to fill vacancies occasioned by the death or resignation of an officer are special elections.

The Proclamation of the Governor, required by Statute, is necessary to the validity of a *special* election.

An election which was ordered by the Board of Supervisors to fill a vacancy in the office of County Judge, occasioned by the resignation of the incumbent, without Proclamation of the Governor, is invalid; and the office being vacant, can be properly filled by appointment of the Governor.

A resignation is effectual without its acceptance by the appointing power.

APPEAL from the District Court of the Fifth Judicial District, Calaveras County.

This was an action for the usurpation by the defendant of the office of County Judge of Calaveras County. The cause was heard and determined upon an agreed statement of facts, the purport of which, necessary to a full understanding of this case, will be found distinctly stated in the opinion of the Court. The Court below gave judgment for the defendant, and plaintiffs appealed.

*Robinson & Beatty* for Appellants.

There was a vacancy in the office of County Judge on the 1st of September. It is a well settled rule that a civil officer has a right to resign his office at pleasure, and it is not in the power of the Executive to compel him to remain in office. U. S. *v.* Wright, 1 McLean, 512.

If the objection to the validity of the election of Leake be maintained on the ground that it was not authorized by any Proclamation of the Governor, then the validity of an election does not depend upon the law of the land, but upon the will of a Governor. But so far is a

Proclamation from playing so important a part in determining the regularity of an election, that it has been uniformly held that the Statute requiring them is merely directory.    People *v.* Brenham, 3 Cal., 491; Smith's Com., 679, 673; People *v.* Peck, 11 Wend., 605.

The law requires that the vacancy shall be filled by the people at the *next* general election after the resignation.

*Sanders & Ferguson* for Respondent.

The resignation of Badgley was not accepted by the Governor until he issued the commission to Porter, which was on the 8th of September; consequently there could have been no vacancy in the office of County Judge on the 1st.

It has been held by an able Court of one of the States of the Union, " As offices are held at the will of both parties, if the resignation of an officer be not accepted, he remains in office."    See 4 Der., 1; also the case of Van Orsdall *v.* Hazard, 3 Hill, 243.

The election of Leake was invalid because notice of thirty days of the election was not given by the Governor.    See Comp. L., p. 774, §5. The case of the People *v.* Brenham, relied on by the appellant, cannot apply.    That was a mere municipal office created by statute, subject to a different mode of appointment and election.    The one under consideration is created by the Constitution, which places the appointing power and mode of election differently.    To allow elections on resignation of the incumbent without the proclamation required by law, would open the door to great frauds, where the incumbent should by collusion resign just before election.

Mr. Justice TERRY delivered the opinion of the Court.    Mr. Justice HEYDENFELDT concurred.

On the 13th day of August, Wm. H. Badgley, County Judge of Calaveras County, tendered to the Governor (by mail) his resignation of said office, which by its terms was to take effect on the 1st of September.

The resignation was received by the Governor on the 24th of August. No action was taken by him in the matter until the 8th of September, when he appointed and commissioned respondent, who having duly qualified before a proper officer, entered upon the discharge of the duties of said office, which he continues to fill.

The fact that Badgley had resigned his office having been announced in the newspapers, the Board of Supervisors for Calaveras County ordered an election to fill the vacancy caused by said resignation, to take place on the day of the next general election, which was holden on the 5th of September, which order was published for more than ten days prior to said election.

Charles A. Leake, the relator, received at said election a majority of all the votes cast for the office of County Judge, obtained his certificate of election from the County Clerk, qualified and offered to enter into said office, but was prevented by respondent.    This action was then

instituted, and the case submitted on an agreed statement to the District Court for Calaveras County, where judgment was rendered in favor of respondent.

It is contended by respondent, that to render a resignation effectual, it is necessary that it should be accepted by the appointing power, and therefore no vacancy existed until the 8th of September, when the Governor, by the appointment of respondent, signified his acceptance of the resignation of Badgley. I do not think this point is well taken.

The tenure of an office does not depend upon the will of the Executive but of the incumbent. In 1 McLean's Reports, 512, it was held " that there can be no doubt that a civil officer has a right to resign his office at pleasure, and it is not in the power of the Executive to compel him to remain in office."

The resignation of Badgley by its terms was to take effect on the 1st of September. I have no doubt that it was in his power at any time before that date, to withdraw his resignation and continue in office. Not having done so, the resignation became effectual, and a vacancy was created on that day.

This being the case, was the election of Mr. Leake, which occurred on the 5th of September, legal? The law provides that vacancies in certain offices shall be filled by election at the next general election after the vacancy occurs. To render such election valid, it is necessary that it shall be conducted in the manner prescribed by law. The law requires that the Governor shall make proclamation for thirty days prior to each general election, designating the offices to be filled at such election. The supervisors of each county are required to give notice for at least ten days, by posting a copy of such proclamation at each place of holding the election in the county, and inserting the same in a newspaper, if one be published in the county. See Statutes of 1855, page 160.

No such notice was or could have been given in this case, (there not being thirty days intervening between the date of the letter of resignation and the day of election,) the order published by the Supervisors of said County being without authority of law, was a nullity. It is contended that the statute requiring proclamation to be made of the offices to be filled is merely directory, and that a failure to give such notice will not vitiate an election. The case of People *v.* Brenham, 3 Cal. R. 491, is cited in support of this doctrine.

The opinion in that case does not go to the extent claimed by counsel, and is not applicable to the case under consideration. I understand the decision to apply only to general elections, or elections to fill vacancies occasioned by operation of law. The question involved was the validity of an election, held under the Charter of the City of San Francisco, to fill vacancies occasioned, not by resignation, but by reason of the expiration of the term for which the incumbents were elected. The Court properly held that the failure of the incumbent to give the required notice, could not deprive the people of their right under the law to elect their officers. But it has nowhere been decided

that such notice is not essential to the validity of all special elections. An election to fill a vacancy occasioned by the death or resignation of an officer is a special election, and the provision of our laws which requires such elections to be held at the same time and place with general elections, does not change their character.

It is essential to the proper exercise of the elective franchise, that the voters should be informed of the offices in which vacancies have occurred, before each general election, in order that they may select fit and proper persons to perform the duties of such offices.

The law gives notice of those offices which are vacant by reason of the expiration of the term of the incumbent. The law also provides that the Governor of the State shall, by proclamation, give notice of such vacancies occasioned by death, resignation or removal from office; and without this notice, elections to fill such vacancies are invalid.

The necessity of such a law is evidenced by the statement in this case, which shows that of more than four thousand votes polled in Calaveras County at said election, only twelve hundred were cast for this most important office. The election of Mr. Leake being invalid, a vacancy existed in the office on the 8th of September, which the Governor had power to fill by appointment.

The judgment of the Court below is affirmed.

Mr. Chief Justice Murray.—I dissent from the foregoing opinion, for the reasons expressed by me in the case of The People *v.* Brenham, 3 Cal. Reports.