## The State, *ex rel.* Williams *v.* Fitts.

*Information, in Nature of Quo Warranto, to try Right to Office of County Solicitor.*

*County solicitor; resignation of office.*—When a county solicitor transmits an unconditional resignation of his office, with the intention that it shall be delivered to the officer or authority entitled to receive it, the resignation thereby becomes complete and effectual, without any acceptance, and cannot be afterwards recalled.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. B. B. LEWIS, an attorney of the court, in consequence of the incompetency of the presiding judge.

W. R. SMITH, for appellant.

B. B. LEWIS, *contra.*

B. F. SAFFOLD, J. — The suit is in the nature of *quo warranto*, to try whether the right to the office of solicitor of Tuscaloosa County is in the relator or the appellee. The relator, Williams, was the solicitor; but some time between the 6th and 12th of May, 1869, he wrote an unconditional resignation, and gave it to Mr. Miller, the secretary of State, for transmission to the proper authority entitled to receive it. It came to the executive department, whence it was sent by mail, at the instance of the governor, to the judge of the circuit which includes Tuscaloosa County. The judge was absent from his home at the time, and when he returned, and before he had taken any action about it, he received also other letters from Williams, virtually withdrawing his resignation. Nevertheless, the judge appointed Mr. Fitts to the office, who qualified, and entered upon the duties thereof, and is still performing them. The question to be determined is, whether there was a resignation, and consequently a vacancy, which the judge of the circuit was authorized to fill.

The state Constitution gives the appointing power, in case of vacancy, to the judge of the circuit. In the case of *Marbury* v. *Madison* (1 Cranch, 137), it was held that when a commission for an officer, not holding his office at the will of the President, is by him signed and transmitted to the Secretary

of State, to be sealed and recorded, it is irrevocable. The appointment is complete. The correctness of this proposition was argued by Chief Justice Marshall, with that conclusiveness which characterized all of his reasoning. The same rule may be well applied to the revocability of a resignation. Except in some rare instances, no person is compelled to hold office. He may retire at his mere will, upon the moment. Some point must be fixed, at which the expression of this will becomes obligatory on himself. What better period can be selected in respect to him than that which, on the other hand, would clothe him with the office beyond the authority of the appointing power to recall it? When he transmits an unconditional resignation, which he intends shall reach the officer or authority entitled to receive it, he resigns. He has given formal expression to his will, and sent away a notice of it to whom it may concern. There is nothing more for him to do. Nobody else is authorized to accept it. It needs no acceptance. *Nevada, ex rel. Nourse* v. *Clarke*, 3 Nevada, 566; *People* v. *Porter*, 6 Cal. 26. The charges given by the court were much more favorable to the relator than we conceive the law to be. The charge asked by him was properly refused.

The judgment is affirmed.