The State, *ex rel.* Lockhart, *v.* Hauss.

———————————————

THE STATE, EX REL. LOCKHART, *v.* HAUSS.

OFFICE.—*Resignation of.*—A written resignation of an office, to take immediate effect, when transmitted by the officer to, and received by, the officer or authority appointed to receive it, cannot be withdrawn, and there is then a vacancy in the office.

SAME.—*Sheriff.*—A written resignation of the office of sheriff, to take immediate effect, cannot be withdrawn after it has been received by the governor, even with the governor's concurrence.

From the Gibson Circuit Court.

D. F. *Embree* and A. C. *Donald*, for appellant.

C. A. *Buskirk* and O. M. *Welborn*, for appellee.

OSBORN, J.—The relator of the plaintiff claims to be sheriff of Gibson county. The appellee is in possession of the

office. The information is prosecuted for the purpose of excluding the appellee from the office, and to require him to surrender it to the relator. A demurrer was sustained to the complaint. Proper exceptions were taken, and the errors assigned raise the question of the right to the office.

The complaint states substantially that the relator was elected sheriff of Gibson county, at the October election, 1870, received his commission, was duly qualified, and entered upon the discharge of his duties. On the 16th of June, 1871, he tendered his resignation of the office in writing, and forwarded it to the Governor by mail, by whom it was received on the next day. He also filed in the office of the auditor of the county of Gibson a written notice, addressed to the board of commissioners of that county, informing the board that he had forwarded his resignation to the Governor, to take effect from that date. On the 16th day of June, and before the Governor had received the resignation, the auditor issued a notice to the commissioners to meet in special session on the 19th day of the same month. Before the commissioners met, under the call, the relator determined to retain the office and not resign, and before his notice to the board had been presented to or laid before them, as a board, he did, on the day fixed for their meeting, inform the auditor and one of the commissioners that he had withdrawn his resignation and notice, and did on the same day by telegraph to the Governor withdraw his resignation, in which withdrawal the Governor concurred. The commissioners met and appointed the appellee sheriff, who qualified, entered upon the discharge of the office, and claims to and does actually deprive the relator of the same.

It is claimed by the appellant that the relator had a right to recall his resignation at any time before it was accepted, and even after that, by the consent of the Governor, when no new rights had intervened. *Biddle* v. *Willard*, 10 Ind. 62, is relied upon to sustain the position. That was the case of a prospective resignation, and it was in reference to such a resignation that the remark was made by the judge, which

is relied upon in this case. On page 66, he says : " Hence, a prospective resignation may, in point of law, amount but to a notice of intention to resign at a future day, or a proposition to so resign; and for the reason that it is not accompanied by a giving up of the office—possession is still retained, and may not necessarily be surrendered till the expiration of the legal term of the office, because the officer may recall his resignation—may withdraw his proposition to resign. He certainly can do this at any time before it is accepted; and after it is accepted, he may make the withdrawal by the consent of the authority accepting, where no new rights have intervened."

In the case at bar, there was an actual, present resignation of the office, to take effect on that day, transmitted to, and received by, the officer to whom the law declares the resignation shall be forwarded (sec. 5, 1 G. & H. 246), and a notice given to the body authorized to fill the vacancy and appoint a successor. Sec. 8, same vol. and page. He had, thus, in the form and according to the rules prescribed by law, given up the office and renounced all further right to use it, and having once vacated the office by resignation, could not take it back again. *Yonkey* v. *The State,* 27 Ind. 236–41. The Governor could not and did not attempt to reinstate him in his office. The statute has designated the Governor as the officer to whom a sheriff shall transmit the resignation of his office. It nowhere confers upon him the power of permitting a withdrawal. He is appointed by law to receive the resignation. That, in the absence of any other authority or direction, implies a direction to retain and keep it.

Our conclusion is, that when an officer has transmitted his written resignation of an office to, and it has been received by, the officer or authority appointed by law to receive it, to take immediate effect, he cannot withdraw it, and that there is a vacancy to be filled by the proper authority.

The judgment is affirmed, with costs.