Lake, Ch. J.
This is an original application to this court for a peremptory writ of mandamus against the mayor, council and clerk, of the city of Lincoln. The object of the writ is to compel the mayor and council to audit and allow a claim against said city in favor of the relator for services rendered by him as city engineer, amounting to two thousand nine hundred and twenty dollars; and when so allowed to require the clerk to draw a warrant in his favor, for that amount, upon the city treasury.
Our statute regulating the issuance of this writ, requires the motion therefor to be made upon an affidavit setting forth the facts upon which it is based. Genl. Stat., 640, See. 649. This application is by petition, verified in the usual mode of verifying a pleading under the code, that the facts stated therein are true as affiant “ verily believes.” This is a fatal defect, and a sufficient reason for denying the motion.
But there are other reasons why we feel called upon to withhold the writ. The office of city engineer is an elective office. The relator claims he was elected thereto *263 on the first Tuesday in April, 1875. That after this, his second election, he continued to hold the office until the 28th day of May, when he delivered to the mayor and council his written resignation. This he says was not formally accepted, at least not until after the 27th of December, at which time he made a written request to withdraw it.
In the absence of some statutory provision, we know of no rule which requires such resignation to be accepted by the municipal authorities, to make it effective. Their refusal even, to accept it, would not have the effect to compel him to retain the office against his will. We must hold, therefore, that by his written resignation of the office to the mayor and council, on the 28th of May, the relator ceased to be such city engineer. The United States v. Wright, 1 McLean, 509. The People v. Porter, 6 Cal., 26.
Again, the relator has a plain and adequate remedy, by an ordinary civil action against the city to recover a money judgment for any sum that may be justly due him for his services. Where this is the case, resort should not be had to this extraordinary remedy. The other judges concur, and the writ is denied.
Writ denied.