[No. 5572.]

## D. M. KENFIELD v. WILLIAM IRWIN, GOVERNOR OF CALIFORNIA.

GENERAL ELECTION.—A general election is an election held to select an officer after the expiration of the full term of the former officer.

SPECIAL ELECTION. — A special election is an election held to supply a vacancy in office occurring before the expiration of the full term for which the incumbent was elected.

WHEN SPECIAL ELECTION IS VOID. — A special election for the office of Controller of State, held without executive proclamation made in advance of the election, designating the time at which such election is to be holden, is void.

TIME OF ELECTION. — It is essential to the validity of a popular election that the time at which the same is to be holden should be designated in advance.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

*George Cadwalader*, for the Appellant.

The Governor could not, by failing to issue a proclamation, defeat an election held to fill a vacancy. A special election is one in which the time and place are to be fixed by proclamation, or by a writ of election. This was an election to fill a vacancy held at the time of a general election, to wit, the Presidential election of 1876, and therefore not a special election. (*Westbrook* v. *Rosborough*, 14 Cal. 188; *People* v. *Peck*, 11 Wend. 605; *People* v. *Cowles*, 3 Kern. 350.)

*Jo Hamilton*, Attorney-General, *Haymond & Coggins*, *J. C. Burch*, and *Darwin C. Allen*, for the Respondent.

The Code declares that the Governor shall give, in addition to offering a reward for the purposes therein named, notice at least thirty days in advance of every general, judicial, and special election, by proclamation. (Political Code, sec. 1053.)

This being the established law of this State, every elector may claim and has an undoubted right to such notice in the case of every election.

As regards special elections, the law everywhere is that the statute is mandatory and indispensable. Such is the law in every State of the United States where the question has been settled save in New York. (*People* v. *Porter*, 6 Cal. 26.)

The election for Controller, if it might have been constitutionally held, which we deny, was in every respect special. It is the same, although it was held concurrently with a general election. Statutes regulating elections should be held to be

mandatory, since they are intended to preserve most effectually the power to the people which the people have themselves not granted away.

The fact that the election was held at the same time and place as the general election does not destroy its quality of a special election. To this effect is the doctrine of *People* v. *Porter*, 6 Cal. 26. In no case can the fact that a general election is to be held at the same time supply the reason of the rule. Notice would still be wanting. Though the people could assemble without proclamation on the 7th day of November, 1876, and cast their ballots for Presidential Electors and other officers whose terms had expired by operation of law, yet it by no means follows that at the same time a valid election of Controller could be held to fill a vacancy without due notice by proclamation.

There can be no other notice given which will suffice to render a special election valid than that prescribed by sec. 1053, Political Code, and set more fully forth in sec. 1054, Political Code.

By the Court, WALLACE, C. J.:

Kenfield filed his petition in the Court below praying that a writ of mandamus issue, commanding the respondent Irwin, Governor of the State of California, that he deliver to the petitioner a commission for the office of Controller of the State for the unexpired term of J. W. Mandeville, deceased. To this petition the respondent appeared and filed a demurrer, which was sustained, and judgment having been rendered dismissing the petition, Kenfield brings this appeal.

The petition is as follows :

" The above named petitioner, D. M. Kenfield, complains against the above named respondent, whom he avers is now, and ever since the 6th day of December, 1875, has been, the duly elected, qualified, and acting Governor of the State of California.

" II. Petitioner further avers that at the general election held in this State on the 1st day of September, 1875, one J. W. Mandeville was duly elected to the office of State Controller of the State of California for the term of four years, beginning on

the 6th day of December, 1875, and that he duly qualified and received from the Governor of the State of California the commission prescribed by law, and on the said last named day entered said office and proceeded upon the discharge of the duties thereof, and continued so doing until the 4th day of February, 1876, when he died. That thereupon it became the duty of the respondent, by the eighth section of art. 5 of the Constitution of the State of California, as well as by secs. 999 and 1001 of the Political Code of said State, to appoint a person to fill the vacancy in said office occasioned by the death of J. W. Mandeville, and who should hold and exercise said office until the next election by the people.

" And petitioner avers that the respondent, in discharge of his said duty, on the 7th day of February, 1876, appointed one W. B. C. Brown to fill said vacancy in said office of Controller for the term last aforesaid, and that the respondent, as evidence of such appointment, issued and delivered to the said W. B. C. Brown a commission in due form for the term aforesaid prescribed by law.

" That thereupon the said W. B. C. Brown duly qualified and entered into and upon the discharge of the duties of said office, and has ever since been in possession thereof.

" III. That the next election by the people of this State subsequent to the said vacancy in the office of Controller, produced as aforesaid by the death of J. W. Mandeville, deceased, occurred on the 7th day of November, 1876, and which was a general election, and at which your petitioner and W. B. C. Brown were rival candidates for election to said office of Controller for the unexpired term of J. W. Mandeville, deceased.

" That at said general election the total number of votes cast for the office of Controller was 154,118, and of which your petitioner received 78,529, and the said W. B. C. Brown 75,567, and all other candidates received but 22 votes.

" That the votes so cast as aforesaid were, in the manner prescribed by law, counted, canvassed, certified, and transmitted to the Secretary of State of California, and by him received within the sixty days following such election.

" Your petitioner further avers that the said Secretary of State

of California on the 6th day of January, 1877, and after all the returns of said election had been received at his office, did, from the returns of said election aforesaid, compare and estimate the votes so cast for said office of Controller, and did make a true statement thereof, and filed the same in his office, and did, on the 11th day of January, 1877, transmit and deliver to the respondent, as Governor of this State, a true copy of such statement, and by said original statement filed in his own office, as well as the copy thereof transmitted to the respondent, aforesaid, it appeared, and was stated that at said election held on the 7th day of November, 1876, your petitioner received for the office of Controller 78,529 votes, and the said W. B. C. Brown received 75,567 votes for said office, and all other persons received but 22 votes for said office.

"IV. That upon receiving the aforesaid statement from the Secretary of State, it was the duty of the respondent, as Governor of the State of California, to issue to your petitioner a commission for the office of Controller of the State of California for the unexpired term of J. W. Mandeville, deceased.

"V. That on the 17th day of January, 1877, your petitioner filed in the office of the Secretary of State the official oath required of him as Controller of the State of California, and on the same day presented to the respondent, as Governor of the State of California, his official bond, executed in due form by himself and proper sureties, and for the amount prescribed by law, and requested said respondent, as Governor of the State of California, to approve said bond, and to issue to him the commission aforesaid.

"That said respondent said that he had issued no proclamation for an election to fill the office of Controller for the unexpired term of J. W. Mandeville, deceased, which your petitioner alleges is true, although a manifest violation of official duty upon the part of respondent.

"That he, the respondent, considered that the election of your petitioner was void, and that Brown, his appointee, was rightfully entitled to hold the office of Controller for the unexpired term of said Mandeville, deceased.

"And for the reason that, in his opinion, there was no vacancy

in said office at the time of the election aforesaid of your peti-
tioner, he would decline, and did then and there refuse and de-
cline, to issue a commission to your petitioner, or to approve his
official bond aforesaid.

"Wherefore, your petitioner prays that a writ of mandate issue
herein commanding the respondent, as Governor of the State
of California, to issue and deliver to your petitioner a commis-
sion for the office of Controller of the State of California for
the unexpired term of J. W. Mandeville, deceased."

Several interesting questions were made at the argument,
which it is unnecessary to consider now, for we think that the
fact that no proclamation had been made by the Governor for
holding an election to fill the vacancy in the office of Controller,
which had occurred by the death of Mandeville, is fatal to the
claim of the petitioner.

An election to fill that vacancy would be a "*special election*."
"Special elections are such as are held to supply vacancies in
any office, and are held at such times as may be designated by
the proper Board or officer." (Political Code, sec. 1043.)

The time of holding an election, whether general or special,
must be authoritatively designated in advance, either by law or
by some means which the law has prescribed; otherwise the
election is held without authority, and is ineffectual for any
purpose.

The times of holding general elections—that is, elections to
fill an office upon the expiration of a full term—are fixed by the
statute itself (Political Code, secs. 1041, 1042); and the procla-
mation of the Governor or other officer is not essential to their
validity. But, as seen already, the *time* at which a special elec-
tion is to be held must be "designated by the proper board or
officer"— in this case by the Governor of the State.

And that the absence of such authoritative designation ren-
ders the election in question here invalid, is supported by a uni-
form line of decisions in this Court. (*People* v. *Porter*, 6 Cal.
26; *McKune* v. *Weller*, 11 Ibid. 49; *People* v. *Martin*, 12 Ibid.
409; *Westbrook* v. *Rosenburg*, 14 Ibid. 180.)

Judgment affirmed.