# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## NOVEMBER TERM, 1879.

[No. 6820.]

### CHARLES TILLSON v. WILLIAM FORD.

MUNICIPAL ELECTIONS IN SAN FRANCISCO. — The Act of April 2nd, 1866, (Acts 1865-6, p. 719) relative to elections and officers in San Francisco, applies only to officials holding office at the time of its passage, and was not intended to supply the rule applicable to the filling of vacancies, should any occur, after the expiration of the terms of such incumbents.

SAME — POLITICAL CODE. — The first chapter of title 2, part 4, of the Political Code, which treats of "the Board of Supervisors," does not apply to the City and County of San Francisco.

SAME—CONSOLIDATION ACT.—The municipal elections and the terms of municipal officers in San Francisco are provided for in the Consolidation Act.

PRESUMED KNOWLEDGE OF VOTERS.—While all voters are presumed to know the law and the time when the full terms of office expire, they are not presumed to know the fact that an officer has resigned or died.

MUNICIPAL OFFICES IN SAN FRANCISCO — VACANCIES. — Where a vacancy occurs in a municipal office in San Francisco by the death of the incumbent, a person elected by the Board of Supervisors to fill the vacancy is entitled to the office only until his successor is elected by the people.

ELECTION PROCLAMATION — VACANCIES.—If the election proclamation inform the voters at a general election that a vacancy has occurred in an office, and if it notify them to meet in their respective districts on the day of the election for the purpose of electing an officer for the unexpired term, it will be sufficient, though it fail to designate the election as a special election.

APPEAL from the District Court of the Twenty-Third Judicial District, San Francisco.

[ 701 ]

On the 3rd day of September, 1877, at a general election held, William Mitchell was elected Tax Collector of the City and County of San Francisco, and thereafter qualified, and on the first Monday of December, 1877, entered into possession of said office, and to hold for the term of two years. On the 9th day of July, 1879, Mitchell died. On the 14th day of July, 1879, William Ford was appointed by the Board of ° Supervisors Tax Collector of the City and County of San Francisco, to fill the vacancy occasioned by the death of Mitchell, and said Ford thereafter received his certificate of appointment, qualified, entered into possession of the office, and has ever since continued to hold the same. At a general election held on the 3rd day of September, 1879, Charles Tillson received a majority of the votes of the electors of the City and County of San Francisco, for the unexpired portion of the term of Mitchell. No special election was ordered or held to supply the vacancy in the office of Tax Collector occasioned by the death of Mitchell before the expiration of the full term for which said Mitchell was elected. Upon this agreed state of facts Tillson had judgment, determining that he was elected to the office of Tax Collector, and entitled to the same for the unexpired portion of the term; and also judgment ousting Ford. The latter appealed.

*Jos. M. Nougues*, for Appellant.

1. The appointment of Ford by the Board of Supervisors was for the unexpired portion of the term. (Stats. 1856, secs. 6–9, p. 145; Stats. 1861, sec. 4, p. 215; Stats. 1865–6, secs. 4–8, p. 718; Stats. 1871–2, p. 729.)

2. No special election was held, neither was any order by the proper board or officer, and the election of Tillson was invalid. (Political Code, secs. 1043–1056; *People* v. *Porter*, 6 Cal. 26; *McKune* v. *Weller*, 11 Cal. 49; *People* v. *Martin*, 12 Cal. 409; *Westbrook* v. *Rosborough*, 14 Cal. 180; *Kenfield* v. *Irwin*, 52 Cal. 169.) The proclamation by the Mayor was for a general election, and not for a special election.

3. The authority to call a special election was vested in the Board of Supervisors by Political Code, sec. 1056, and—by au-

thority of the Act of the Legislature entitled " An Act to reg-
ulate the registration of voters, and to secure the purity of
elections in the City and County of San Francisco," approved
March 18th, 1878—was vested in the Board of Election Commis-
sioners. (Stats. 1877–8, pp. 299–300.)

4. The Political Code, except when expressly excluded, ap-
plies to the City and County of San Francisco. (*Kirk* v.
*Rhoades*, 46 Cal. 398; *Savings and Loan Society* v. *Austin*, 46
Cal. 481; Stats. 1877–8, p. 299–308.)

5. The Board of Election Commissioners are given full power
over special elections. (Stats. 1877–8, pp. 299–308.)

*Cowdery & Preston*, for Respondent.

1. The election of a Tax Collector for the unexpired term of
Wm. Mitchell, deceased, was a statutory requirement. (Sec.
9, Consolidation Act, Stats. 1856, p. 145.)

2. The Consolidation Act, so far as it conflicts with the gen-
eral election law of the State, (Hittell, sec. 2434, *et seq.*) must
govern as the latest expression of the Legislature. The Con-
solidation Act was approved April 19th, 1856. The general
election law was approved March 23rd, 1850. The general
election law of the State evidently contemplates that a special
election shall take place when the Board of Supervisors of the
county order it, (Hittell, sec. 1438) and the publication of the
order is the equivalent for the proclamation by the Governor in
a special election for a State or district office. (Hittell, sec.
2429.)

3. The Consolidation Act having prescribed the duties of the
Board of Supervisors of the City and County of San Francisco,
such provisions are exclusive. *Expressio unius est exclusio
alterius.* The rule expressed by the maxim is too well settled to
permit of argument. Hence we conclude that the duties of the
Board of Supervisors with reference to the subject-matters of
the Consolidation Act are to be determined with reference to
that act, unless the same have been changed by subsequent leg-
islative enactment.

4. The provisions of the Consolidation Act, and of acts

amendatory thereof or supplementary thereto, are not affected by the provisions of the Political Code. (Sec. 19 Preliminary Provisions, and sec. 4087 Political Code.)

5. The appointment of Ford as Tax Collector was until the next general election. (Sec. 9 Consolidation Act.) It may be claimed, however, that this section is so construed in *pari materia* with sec. 8 of the Statutes of 1866. (Stats. 1865–6, p. 719.) But construing that section both by itself and with the remainder of the act, we find: (*a*) The title of the act shows that the purview of the act was to change the time of holding municipal elections, " and define official terms of certain officers therein mentioned." (*b*) The clause relied upon is simply a " proviso " limiting the application to the present term of the officers therein mentioned. This agrees with the title of the act and the settled rules of statutory construction, which holds a proviso to be merely a limitation upon the clause to which it is attached. There is nothing to take this out of the rule.

This statute is designed simply to change the time of elections in the City and County of San Francisco, and to require a proclamation therefor. To give it any other construction would be to repeal another statute by implication, (Sec. 9 of the Consolidation Act) and to give the proviso an application foreign to the purview of the bill, as not only expressed in its title, but as contained in its entire subject-matter.

It is evident that sec. 8 relates only to the incumbents at that time, and to vacancies occurring during their terms. This view is supported by the amendment to sec. 4 of the same act, to be found in Stats. 1871–2, p. 9.

By the COURT :

The eighth section of the Act of April 2nd, 1866, (Acts 1865–6, p. 719) has no bearing upon the present controversy. That Act is entitled " An Act to change the time for holding municipal elections in the City and County of San Francisco, and to define the official terms of certain officers therein mentioned," and, after providing for the objects specified in its title, declares, in sec. 8, with reference to the persons holding

office *at the time of its passage*, as follows : " All of the pres-
ent city and county officers as designated in secs. 4, 5, and 7 of
this act, and the State Harbor Commissioners as designated in
sec. 8, (?) shall continue in office during the entire term for
which they were elected, and until their successors are elected
and qualified as provided for in this act: *provided*, that any
officer elected or appointed to fill a vacancy which may in any
manner occur shall serve only during the unexpired term of his
predecessor, and until his successor is elected and qualified."

It is sufficiently clear that the eighth section refers to the
then present incumbents, and was not intended to supply the
rule applicable to the filling of vacancies, should any occur after
the expiration of the terms of such incumbents.

Nor are the sections of the Political Code referred to by
counsel for appellant decisive of the questions before us.   The
first chapter of title 2 of part 4 of the Political Code, which
treats of " The Board of Supervisors," does not apply to
the City and County of San Francisco, (Political Code, sec.
4087) and by the nineteenth preliminary provision of the same
Code it is declared that nothing therein contained shall affect
any of the acts incorporating or chartering municipal corpora-
tions, or consolidating cities and counties, or amending or sup-
plementing such acts.

The rights of the parties before us are, therefore, to be de-
termined by reference to the ninth section of " An Act to
repeal the several charters of the City of San Francisco, to
establish the boundaries of the City and County of San Fran-
cisco, and to consolidate the government thereof," usually cited
as the Consolidation Act.   The first clause of that section is as
follows : " Whenever vacancies occur in any elective office of
the said city and county, and provision is not otherwise made
in this or some other act for filling the same until the next
election, the Board of Supervisors shall appoint a person to dis-
charge the duties of such office until the next election, when the
vacancy shall be filled by election for the term."

It is urged, however, that although Tillson was elected at a
general election, (so far as other officers are concerned) it
was a *special* election as to the office of Tax Collector, inas-

much as the person to be chosen to that office was to be elected only for the unexpired term of William Mitchell, deceased; and it is claimed that this position is sustained by *Kenfield* v. *Irwin,* 52 Cal. 164. The distinction between the facts of that case and those presented by the case now before us is very apparent. That case was decided upon the proposition that no special election can be held to supply a vacancy in a State office, under the provisions of the Political Code, unless a proclamation shall be issued informing the voters that the vacancy exists; for, while all are presumed to know the law and the time when the full terms expire, the voters are not presumed to know the fact that an officer has resigned, or died. As we have seen, the rights of the parties now before us are to be determined by the Consolidation Law, and not by the provisions of the Political Code.

But if a proclamation was necessary, a proclamation was issued and duly published, notifying the voters to meet in their respective districts on the day of the general election, for the purpose of electing a Tax Collector for the unexpired term. No force is to be attributed to the circumstances that the *proclamation* did not designate the election, (so far as the particular office was concerned) as a *special election.* Every purpose of the publication was subserved when the voters were informed that the vacancy had occurred, and that they were called on to fill it.

Judgment affirmed. Remittitur forthwith.