[No. 6828.   Decided July 22, 1907.]

THE STATE OF WASHINGTON, *on the Relation of Arthur Royse, Plaintiff*, v. THE SUPERIOR COURT FOR KITSAP COUNTY *et al., Respondents.*[1]

CERTIORARI—REMEDY BY APPEAL—ADEQUACY—OFFICERS—RIGHT TO OFFICE—REVIEW.  Certiorari lies to review a judgment determining the right to a public office where the remedy by appeal would be inadequate because the term of office would expire before the hearing.

OFFICERS—VACANCY—RESIGNATION—NECESSITY OF ACCEPTANCE.  An acceptance of the resignation of a city councilman is necessary in order to create a vacancy, under the common law rule, which is not abrogated by Bal. Code, § 1548, providing that every office shall become vacant on the resignation of an officer before expiration of his term, since nothing is said as to the method of effecting a resignation.

Certiorari to review a judgment of the superior court for Kitsap county, Gilliam, J., entered June 15, 1907, upon sustaining a demurrer to the complaint, dismissing an action to obtain possession of a municipal office as the qualified official thereof.  Affirmed.

*James W. Bryan*, for plaintiff.

*Thomas Stevenson*, for respondents.

HADLEY, C. J.—This cause is before this court on writ of review.  The relator here was the plaintiff in the court below.  The cause was determined by sustaining a demurrer to the complaint and by the dismissal of the action, the plaintiff declining to plead further.  The complaint in effect alleges, that the city of Bremerton is a city of the third class, and that on December 5, 1905, one Gruwell was elected as councilman for the third ward of said city, to serve a term of two years from and after the first Monday in January, 1906; that thereafter,

on November 2, 1906, said Gruwell resigned as councilman, the resignation being in writing; that the resignation was read in open council on November 5, 1906, at the first regular meeting after the date of the resignation, and that said Gruwell has never since said November 2, 1906, exercised or attempted to exercise any of the duties of said office; that at a regular annual election held in said city on December 4, 1906, the plaintiff was elected as councilman to fill the unexpired term of said Gruwell, resigned; that thereafter, on March 22, 1907, the said city council, acting as a board of canvassers, under and in obedience to a writ of mandate issued out of the superior court, canvassed the returns of said election, and issued to the plaintiff a certificate of election; that thereafter, on March 25, 1907, the plaintiff filed his oath of office with the city council and demanded recognition in his said official capacity; whereupon he found his seat occupied by Robert Stewart, the defendant, said Stewart claiming to hold by virtue of his appointment by said city council to said office on December 10, 1906, six days after the election of the plaintiff to the office; that said Stewart is a usurper of the office, and that he wrongfully withholds the same from the plaintiff. Judgment is prayed that the defendant Stewart be ousted from the office, and that the plaintiff be put in possession of the same.   The defendant's demurrer to the foregoing allegations having been sustained and judgment of dismissal entered, the plaintiff applied to this court for a writ of review, which was granted.

The relator had the right of appeal from the judgment, but it was believed that such remedy would be inadequate, as the appeal could probably not have been determined before the time for which the relator claims the office in question expires, thus rendering the appeal fruitless.   For said reason the writ of review was granted in pursuance of the rule heretofore followed in similar cases.   *State ex rel. Meredith v. Tallman*, 24 Wash. 426, 64 Pac. 759; *State ex rel. Smith v. Superior Court*, 26 Wash. 278, 66 Pac. 385.

The question involved in the ruling upon the demurrer to the complaint is, was there a vacancy in the office of councilman of the third ward of Bremerton at the time the relator claims to have been elected thereto. If Gruwell's resignation was not complete at the time of the election, there was no vacancy, and the effort to elect the relator was fruitless without a vacancy to fill. It will be observed that the complaint does not allege that the resignation had been accepted by the council prior to the election, either by the appointment of a successor or by any other action taken. The complaint merely shows that the communication tendering the resignation was read before the council. It is the contention of the relator that no acceptance of the proposed resignation was necessary, and that the office became vacant upon the mere presentation of the tendered resignation to the council. Upon the other hand, the respondent contends that an acceptance was necessary, and that in its absence there was no vacancy. The authorities cited in the respective briefs are in conflict. We have also made further investigation with the same result. The relator cites *United States v. Wright*, 1 McLean (U. S.) 509. In the opinion in that case the following expression is found:

"There can be no doubt that a civil officer has a right to resign his office at pleasure, and it is not in the power of the executive to compel him to remain in office. It is only necessary that the resignation should be received, to take effect, and this does not depend upon the acceptance or rejection of the resignation by the president . . ."

The above expression has been criticized in subsequent decisions, for the reason that it was not necessary to the decision, inasmuch as the letter of resignation expressed a willingness to serve until a successor could be appointed, and the officer did so serve. The decision was an early one, it having been rendered by the circuit court of the United States in 1839, and by reason of the said quoted expression frequent reference has been made to it. We are directed by relator to a

partial quotation from §352, McCrary on Elections, which is to the effect that, when a written resignation has been sent to the governor, it is not necessary that the governor shall signify his acceptance, of the resignation to make it valid, the tenure of office not depending upon the will of the executive but of the incumbent.    In support of the textwriter's statement, *United States v. Wright, supra,* is cited, together with other cases to which we shall now refer.    The case of *People v. Porter,* 6 Cal. 26, is quite similar to the case at bar.    The written resignation of a county judge was received by the governor on the 24th of August, to take effect September 1. No action was taken by the governor until the 8th day of September following, when he appointed a successor.    Meantime the fact of the tendered resignation having become known through the newspapers, the board of supervisors of the county ordered an election to fill the vacancy supposed to exist.    The election was held September 5, and the elected person then sought possession of the office from the governor's appointee who was appointed three days after the election. The appointee resisted the claim, on the ground that there was no vacancy at the time the election occurred, and that the vacancy did not occur until September 8, when the governor accepted the resignation and appointed the successor.    It was said in the opinion that the resignation became effective September 1, without any action on the part of the governor. The statement appears to have been made upon the sole authority of what was said in *United States v. Wright, supra.* The case was, however, determined in favor of the appointee in possession of the office, on the ground that the election was a nullity for want of sufficient notice.    Under the theory of the decision it therefore seems to have been unnecessary to say what was said about the necessity of accepting a resignation, and under all these circumstances we are not disposed to give the opinion much weight as bearing upon the subject now before us.

The next case cited is *Gates v. Delaware County*, 12 Iowa 405. The opinion in that case declares, without referring to any authority, that an officer has a right to lay down his office whether the officer, to whom the resignation must be presented consents or not; yet in the opinion it was stated that the county judge, who was such officer in that instance, had actually accepted the resignation of the county superintendent. As a decision the opinion is therefore entitled to no weight upon the subject in hand. In *State ex rel. Nourse v. Clarke*, 3 Nev. 566, it was held that one holding a civil office under the United States may resign without the consent of the appointing power, and the holding was on the authority of *United States v. Wright, supra*, and *People v. Porter, supra*. A similar holding was made in *State ex rel. Williams v. Fitts*, 49 Ala. 402, and the decision was apparently made upon the authority of *State ex rel. Nourse v. Clarke, supra*, and *People v. Porter, supra*. The case of *Bunting v. Willis*, 27 Gratt. 144, 21 Am. Rep. 338, is also cited, but in that case it was said that a prospective resignation may be withdrawn at any time before it is accepted, thus recognizing that a resignation is not complete so as to create a vacancy until it has been accepted. The several decisions above noticed are all that are cited in support of the statement in McCrary on Elections, to which reference was above made. Through the relator and also through our own investigation, the following further decisions have been called to our attention:

*State ex rel. Roberts v. The Mayor*, 4 Neb. 260, holds that the acceptance by the mayor of the resignation of a city engineer is not necessary to create a vacancy. The decision is on the authority of *United States v. Wright, supra*, and *People v. Porter, supra*. In the case of *Olmsted v. Dennis*, 77 N. Y. 378, it was held that the resignation of a drainage commissioner was complete when it was received by the county judge, and that no formal acceptance was needed to give it effect. In the case of *Reiter v. State ex rel. Durrell*, 51 Ohio

St. 74, 23 L. R. A. 681, the holding was similar, chiefly on the authority of the cases above cited.

The relator began his argument on the authority of *United States v. Wright, supra,* and we have seen that his quotation from the text of McCrary on Elections was based upon that case and others which approved what was said in that case upon a subject which was not decisive of the case. The same section 352, of McCrary on Elections (4th ed.), concludes as follows:

"This, however, was not the rule at the common law, by which an office was regarded as a burden which the appointee was bound in the interest of good government to bear, and which he was not allowed to lay down without the consent of the appointing power. The supreme court of the United States has recently said that 'In this country, where offices of honor and emolument are commonly more eagerly sought after than shunned, a contrary doctrine with regard to such offices, and in some states with regard to offices in general, may have obtained; but we must assume that the common law rule prevails unless the contrary be shown.' "

The quotations which the above text writer makes from the supreme court of the United States, was taken from the opinion in *Edwards v. United States,* 103 U. S. 471, 26 L. Ed. 314. That decision was rendered in the year 1880, after most of the decisions to which reference has heretofore been made were rendered. The opinion is an able and exhaustive one upon the subject now before us, in which it was held that the common law rule which requires the acceptance of a resignation in order to create a vacancy, is in force unless the rule has been discarded by statute. The reasons for the rule, as being founded in sound public policy, are well stated. Some of the decisions we have noticed above, including what seems to have been the pioneer case of *United States v. Wright,* are criticized in the opinion. Among other things the court said:

"As civil officers are appointed for the purpose of exercising the functions and carrying on the operations of government, and maintaining public order, a political organization

would seem to be imperfect which should allow the deposi-
taries of its power to throw off their responsibilities at their
own pleasure. This certainly was not the doctrine of the
common law. In England a person elected to a municipal
office was obliged to accept it and perform its duties, and he
subjected himself to a penalty by refusal. An office was re-
garded as a burden which the appointee was bound, in the
interest of the community and of good government, to bear.
And from this it followed of course that, after an office was
conferred and assumed, it could not be laid down without the
consent of the appointing power. This was required in order
that the public interests might suffer no inconvenience for
the want of public servants to execute the laws. . . . This
acceptance may be manifested either by a formal declaration,
or by the appointment of a successor. 'To complete a resig-
nation,' says Mr. Willcock, 'it is necessary that the corporation
manifest their acceptance of the offer to resign, which may
be done by an entry in the public books, or electing another
person to fill the place, treating it as vacant.' . . . And
in view of the manifest spirit and intent of the laws above
cited, it seems to us apparent that the common law require-
ment—namely, that a resignation must be accepted before it
can be regarded as complete—was not intended to be abro-
gated. To hold it to be abrogated would enable every office-
holder to throw off his official character at will, and leave the
community unprotected. We do not think that this was the
intent of the law."

The decision in the *Edwards* case was cited and followed in
the following cases: *People ex rel. German Ins. Co. v. Will-
iams,* 145 Ill. 573, 33 N. E. 849, 36 Am. St. 514, *State ex
rel. Toepke v. Clayton,* 27 Kan. 442, 41 Am. Rep. 418;
*Clark v. Board of Education,* 112 Mich. 656, 71 N. W. 177;
*Coleman v. Sands,* 87 Va. 689, 13 S. E. 148. The following
further authorities also support the rule that a resignation
must be accepted in order to complete it and effect the va-
cancy. *State ex rel. Reeves v. Ferguson,* 31 N. J. L. 107;
*Hoke v. Henderson,* 15 N. C. 1, 25 Am. Dec. 677; *Steel v.
Commonwealth,* 18 Pa. St. 451.

We believe the decided weight of authority supports the
rule that an acceptance of a resignation is necessary in order

to relieve an officer of responsibility and to create a vacancy. Under the decision in the *Edwards* case, such must be the rule where the common law in that regard has not been changed by a statute. We regard that decision as an authority we should follow, unless the common law rule has been clearly changed by statute in this state. The relator calls our attention to Bal. Code, § 567 (P. C. § 2871), in which the following appears:

"If any justice of the peace shall die, resign, or remove out of the precinct for which he may be elected, or his term of office be in any other manner terminated, the docket, books, records, and papers appertaining to his office, or relating to any suit, matter, or controversy committed to him in his official capacity, shall be delivered to the nearest justice in the precinct. . . ."

It is argued that the right of a justice of the peace to resign without an acceptance of his resignation is recognized by the above statute. We are not able to so read it. It simply directs what shall be done with his books and papers after the resignation of a justice has become effective. We are also referred to Bal. Code, § 1548 (P. C. § 4787), which provides, among other things, as follows:

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such officers: 1. The death of the incumbent; 2. His resignation; 3. His removal. . . ."

We see nothing in the above which changes the common law rule. It is true, it is declared that an office shall become vacant upon the resignation of the incumbent; but nothing is said about the method of effecting a resignation. The silence of the statute in that regard should be construed to mean that the established common law method still obtains, and that a resignation is not complete until it has been accepted by the appointing power. Our attention has not been called to any other statutes which the relator claims have effected a change in the common law rule. In the absence of

a clear statutory declaration of a purpose to change the rule, it should not be held that it has been changed. The long-standing rule is wholesome. It insures a continuous responsible incumbent in an office. One may not lightly throw aside responsibilities which he has assumed and leave the public without an official, when some possible emergency might make the existence of a qualified officer of great importance.

We think the court did not err in sustaining the demurrer, and the judgment is affirmed.

FULLERTON, CROW, MOUNT, and ROOT, JJ., concur.