NO. 7374.       **7374** STATE OF LOUISIANA.

STATE EX REL WM V. SEEBER

COURT OF APPEAL

VS

PHEONIX BLDG & HOMESTEAD ASS'N.        PARISH OF ORLEANS.

**7374**

231

# O P I N I O N.

St. Paul, Judge.

This is a proceeding to compell the Respondent, a private corporation, to recognise the Relator as a member of its Board of Directors. From a judgment against it, the Respondent appeals.

Relator was one of respondent's directors, but in a moment of irritation at not being chosen to some office, he wrote out and tendered his resignation to the full board, then in session. The resignation was not accepted or acted upon, but a committee was appointed to call upon relator and ask him to reconsider it. This, at first, he refused to do, but afterwards and on the very day the board met to consider his resignation, he reconsidered his action and notified the board that he desired to withdraw it. But the board declined to allow the withdrawal, and thereupon accepted the resignation notwithstanding the notice of its withdrawal; and then "by acclamation" invited relator to become again a candidate to succeed himself.

It is clear from the above that the parties to this litigation are, or were, at cross purposes with each other simply as to the route by which the relator should return to the office which he claims.

But we take the case as we find it. Relator claims that he had a right to withdraw his resignation before it was accepted and acted upon; and respondent claims that the resignation became effective as soon as delivered, and needed no acceptance to make it so; so that respondent now refuses to recognize relator as one of its directors, and hence this suit.

We take it as elementary that since the adoption of the Thirteenth Amendment to the Constitution of the United States, no person within their jurisdiction can be compelled to render involuntary personal service of any kind except as a punishment for crime.

It is therefore clear that a person who chooses to resign or lay down an office of any kind cannot be compelled to keep it by

any refusal of some other person to accept his resignation thereof; and we shall therefore waste no time on that phase of the case.

But that is not the question. The question is whether a resignation becomes so far effective by mere delivery that it cannot thereafter be withdrawn; a resignation once tendered may or whether be withdrawn before it is accepted or acted upon.

We find a long line of decisions holding, quite properly, that a resignation need not be accepted formally , and any acceptance thereof however informal, or any action thereon whatever, suffices to make the resignation effective.

We may endorse this unqualifiedly.

But there are only two cases reported which hold that a resignation once delivered cannot be withdrawn even before its acceptance or before any action has been taken thereon.

One of these cases is from Alabama and one from Indiana, viz;
State ex rel Williams vs Fitts, 49 Ala. 402
State ex rel Lockhart vs Hauss, 43 Ind. 105

Both of these cases were called to the attention of the Supreme Court of the United States in the case of Edwards vs United States, 103 U. S. 473, But that august tribunal refused to follow them, and declared that in the absence of decisions to the same effect in another jurisdiction, they would in a case from that other jurisdiction follow the general law which required that a resignation to become effective must either be accepted or otherwise acted upon.

We ourselves will do likewise. It is a matter of common knowledge that such is the general understanding among all classes of people. Resignations are tendered daily and withdrawn before acceptance, either with or without persuasion; and it is uniformly considered that a resignation tendered and withdrawn is as if it had never been tendered at all. Indeed the facts in this very case, as recited above, show that the directors of the respondent corporation themselves so considered; for they appointed a committee to persuade relator to reconsider his resignation.

We ourselves decline to become pioneers in upsetting in this State, a practice and an understanding so consonant with common sense, and thereby throwing confusion and doubt over the standing and authority of scores, perhaps hundreds, holding office both public and private under these precise conditions.

It is said that the Supreme Court of the United States has in a later case, Briggs vs Spaulding, 141 U. S. 132, decided that a resignation becomes effective on delivery and without need of acceptance.

We do not read the case that way; the court held simply that no formal acceptance was necessary; but it found as a fact that the resignation was orally tendered and orally accepted, the resignation being that of a director in a National Bank who had resigned orally upon disposing of his stock thus disqualifying himself to sit longer as a director.

We think the judgment appealed from is correct and should be affirmed.

Judgment Affirmed.