

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~JOHN XXXX SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS
May 24, 1939

Honorable John R. Shook
Criminal District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. O-855

Re: Whether Assessor and Col-
lector can withdraw his
written resignation before
the same is acted upon by
the Commissioners' Court.

We are in receipt of your letter of May 19, 1939 wherein you outline the following facts:

On May 12, 1939, Albert V. Huth delivered to the Commissioners' Court his written resignation as Tax Asses- sor and Collector of Bexar County. On May 13, 1939, he delivered to the same body a written withdrawal of such resignation. In the meanwhile the Commissioners' Court had taken no action upon his resignation. You request our opinion in response to the following two questions:

"What effect did the making of said resig- nation by Mr. Huth and the filing same in Com- missioners' Court have upon Mr. Huth's rights to hold office as assessor and collector of Bexar County?

"What effect did the attempted withdrawal by Mr. Huth of said resignation have upon Mr. Huth's rights as assessor and collector of Bexar County?"

You have also kindly furnished us with a copy of your opinion upon this matter wherein you expressed the view that no action on the part of the Commissioners' Court was necessary to give effect to Mr. Huth's resignation and that his attempted withdrawal of the resignation had no effect. You base your opinion upon 34 Tex. Jur. p. 585; Byers vs. Crisp, 2 Tex. App. Civ. Cases, Sec. 707 and Chowning vs. Boger, 2 Tex. App. Civ. Cases, Sec. 742.

In the case of Byers vs. Crisp, supra, which you mention, the question of a withdrawal of a resignation was not concerned. It was held in that case "that when an officer delivers his unconditional resignation to the proper authorities to take effect at once, it is effectual without acceptance and the office is vacant." In the case of Chowning vs. Boger, supra, the court mentioned its holding in the Byers vs. Crisp case, but in the Chowning case, neither the effective date of a resignation nor the possible effect of a withdrawal of a resignation was before the court.

We take the following quotation from Tooele County vs. De La Mare, 59 Pac. (2d) 1155, by the Supreme Court of Utah:

"According to some authorities the right to relinquish an office is absolute and effective even though not accepted by the proper officers. State v. Fitts, 49 Ala. 402; People v. Porter, 6 Cal. 26; Meeker v. Reed, 70 Cal. App. 119, 232 P. 760; Gates v. Delaware County, supra; State v. Lincoln, 4 Neb. 260; State v. Clarke, 3 Nev. 566. The great weight of authority, however, is to the effect that a resignation is not effective until it is accepted by the proper authorities. Thompson v. United States, 103 U. S. 480, 26 L. Ed. 521; Edwards v. United States, 103 U. S. 471, 26 L. Ed. 314; Badger v. United States, 93 U. S. 599, 23 L. Ed. 991; People v. Williams, 145 Ill. 573, 33 N. E. 849, 24 L.R.A. 492, 36 Am.St.Rep. 514; State v. Huff, 172 Ind. 1, 87 N. E. 141, 139 Am.St.Rep. 355; State v. Council Grove Board of Education, 108 Kan. 101, 193 P. 1074; Patbick v. Hagins, 41 S. W. 31, 19 Ky. Law Rep. 482; Clark v. Detroit Board of Education, 112 Mich. 656, 71 N.W. 177; Fryer v. Norton, 67 N.J.Law, 537, 538, 52 A. 476; Van Orsdall v. Hazard, 3 Hill (N.Y.) 243; State v. Cleveland Dist. Board of Education, 23 Ohio Cir. Ct. R. (N.S.) 98; Commonwealth v. Hess, 2 Pa.Dist. & Co.R. 530; State v. Stickley, 80 S.C. 64, 61 S.E. 211, 128 Am.St.Rep. 855, 15 Ann. Cas. 136; State v. Bush, 141 Tenn. 229, 208 S.W. 607; Coleman v. Sands, 87 Va. 689, 13 S. E. 148; State v. Kitsap County Superior Court, 46 Wash. 616, 91 P. 4, 12 L.R.A. (N.S.) 1010, 123 Am.St.Rep. 948, 13 Ann. Cas. 870; State v. Jefferis, 26 Wyo. 115, 178 P. 909."

Our courts have never followed the Byers case. It is thought that the court overlooked the effect of Art. 16, Sec. 17 of the Constitution of Texas, which provides that "all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."

We quote from the opinion of the Court of Civil Appeals in the case of McGhee v. Dickey, 23 S. W. 404, as follows:

"The contention of appellant that this unconditional tender of resignation created a vacancy in the office of county judge of Wilbarger county is supported by a decision of the court of appeals, reported in 2 Wils. Civil Cas. § § 707, 708, and by other authorities cited in that opinion. We have reached the conclusion, however, that the weight both of reason and authority is with the holding that, so far as the rights of third persons are concerned, a public office does not become vacant by an unaccepted resignation, especially in this state, where we have the following constitutional provision: 'All officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified.' Const. Art. 16, § 17. In this respect the state, it seems, like nature, abhors a vacuum. The public necessity for continuity of official tenure is not left to the caprice of the office-holder."

In the cases of Keen vs. Featherston, 69 S. W. 983 (error refused), El Paso and F.W.R. Co. v. Ankenbauer, 175 S. W. 1090, Ringling vs. City of Hempstead, 193 Fed. 596, it was held that under the above constitutional provision an officer's resignation does not become effective until the appointment and qualification of his successor.

In Budger vs. U. S., 93 U. S. 599, 23 L. Ed. 991, under a constitutional provision of Illinois almost identical with our own, the Supreme Court held that the qualification of a successor was necessary to the effectiveness of a resignation.

In some states the law seems to be that an officer's resignation takes effect immediately upon delivery. In most instances we further find in those states that once delivered, a resignation cannot be withdrawn. In the case of State vs. Murphy, 97 Pac. 391, by the Supreme Court of Nevada, it was recognized that an unconditional resignation could not be withdrawn due to the fact that the office becomes vacant immediately upon tender of resignation by the incumbent. However, in that case it was held that since the resignation was not outright and unconditional, but was to take effect on a designated future day, the same could be withdrawn before the time that it should take effect. In the case of State vs. Fowler, 48 So. 985, the Supreme Court of Alabama recognized the law to be in that State that an unconditional resignation of a public officer to take effect immediately could not be withdrawn. However, the resignation in that case was not an unconditional one and we quote from the court's opinion as follows:

"The resignation, in the case at bar, was not unconditional, as was the one in the Fitts Case, supra, but was to become final and effective only upon the acceptance by the judge. As unconditional acceptance by the judge would have rendered the resignation conclusive and effective; but, while the acceptance was indorsed by the judge August 21, 1908, it was conditional, in that its operation and effect was postponed until September 19, 1908. The acceptance not becoming effective until said 19th of September, the respondent had the right to withdraw said resignation, which he did on the 12th of September, 1908. The resignation was by its terms to take effect only upon the acceptance by the judge, and, the judge having made the acceptance effective upon a future day, the respondent had the right to withdraw said resignation before the arrival of the date fixed by the judge. The resignation did not take effect immediately, but was subject to the acceptance of the judge, and effective only upon the time designated by him, and was withdrawn before the said acceptance, by its very terms, became effective."

We quote from the opinion of the Supreme Court of South Carolina in the case of State vs. Stickley, 61 S. E. 211, as follows:

"The remaining questions presented by the petition and return all depend upon whether a public officer, who has tendered his resignation unconditionally, can withdraw the same before acceptance; or what is the effect of an unconditional resignation. On this question the authorities are not in accord. There is a line of cases maintaining the proposition that an unconditional resignation tendered to the authority entitled to receive it cannot be withdrawn. State v. Fitts, 49 Ala. 402; State v. Hauss, 43 Ind. 105, 13 Am. Rep. 384; State ex rel. Kirtley v. Augustine, 113 Mo. 21, 20 S. W. 651, 35 Am. St. Rep. 696; State v. Clarke, 3 Nev. 566. On the other hand at commond law and in a great number of the states the doctrine prevails that the resignation of a public officer is not complete until it is either expressly or by implication accepted by the proper authorities. State v. Clayton, 27 Kan. 442, 41 Am. Rep. 418; Coleman v. Snads, 87 Va. 689, 13 S. E. 148; State v. Ferguson, 31 N. J. Law, 107; Van Orsdall v. Hazard, 3 Hill (N.Y.) 243; Edwards v. United States, 103 U. S. 471, 26 L. Ed. 314; Hoke v. Henderson, 15 N. C. 1, 25 Am. Dec. 677; 1 Dillon, Munic. Corp. (3d Ed.) 249. In the case of State v. Ancker, 2 Rich. Law, 245, this rule was applied to the resignation of certain officers and members of a church, the court saying: 'The question is whether such a resignation has been made and accepted according to law, and in a way obligatory on all the parties to this controversy. To make it so there must have been both a resignation cum animo and an acceptance of it on the part of the acting and responsible government at the time.' In the absence of statute this rule is supported by the better reasoning and the greater weight of authorities, and has been adopted by the Supreme Court of the United States. Edwards v. United States, 103 U. S. 471, 26 L. Ed. 314. Until the tender or offer to resign is accepted by the proper authority, it can be withdrawn."

We regard the law as being settled in this State that an officer's resignation cannot take effect until his successor has been appointed and has qualified according to law. We are not here concerned with certain exceptions to

that rule, such as were involved in the cases of State vs. Valentine, 198 S. W. 1007, and Lowe vs. State, 201 S.W. 986. Under Article 16, Section 17, of our Constitution, the law reads into every resignation the condition that it shall not take effect until the resigning officer's successor has been appointed and has duly qualified. Mr. Huth was Tax Assessor and Collector on May 13, 1939, at the time he delivered to the Commissioners' Court his withdrawal of the resignation tendered on the day before, the Commissioners' Court had taken no action upon such tendered resignation, and we can perceive no reason why its withdrawal should not be given effect. Our answer to your questions, therefore, is that the withdrawal of the resignation placed the situation in the same attitude as if no resignation had ever been tendered to the Commissioners' Court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:N:am

APPROVED

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

By /s/ REK
Chairman