# PEOPLE *ex rel.* ATTORNEY GENERAL *v.* MARTIN.

People *v.* Porter, 6 Cal. Rep. 26, and the People *ex rel.* McKune *v.* Weller, 11 Cal. Rep. 49, affirmed.

The office of County Judge is not a "county office" within the meaning of the Act entitled "An Act to amend 'An Act to Regulate Elections,' passed March 23d, 1850 "; consequently the Board of Supervisors cannot order a special election to fill a vacancy in that office.

The appointee of the Governor to the office of County Judge will hold, over a person elected to the same office at a special election ordered by the Board of Supervisors of the County.

APPEAL from the Fifth District, County of Tuolumne.

This was an action brought on the relation of the Attorney General, to try the right to the office of County Judge of Tuolumne county.

The facts, as stated in the opinion of the Court, are as follow :   On

the twelfth day of August, 1858, the Board of Supervisors of Tuolumne county ordered an election for County Judge of that county, an office made vacant by the death of T. J. Jones, former incumbent, who died on the fourth day of the same month. The notice was given for ten days, by publication in a newspaper of the county. No proclamation, of course, was made by the Governor for filling the office, as the vacancy occurred after the time for making the proclamation. The election was had on the first Monday of September, 1858, at which relator claims to have been elected. The defendant was in office by appointment from the Governor, dated August 7, 1858, and still holds it; this proceeding is taken to oust him. The defendant had judgment in the Court below, and the relator appealed to this Court.

*L. Quint*, for Appellant, contended that the office of County Judge is a county office, and as such, the Board of Supervisors of the county had a right to order a special election to fill the vacancy; and the relator, having received a majority of votes at such election, was entitled to hold the office. Counsel referred to People v. Marsh, 1 Cal. Rep. 406; Wood's Digest, p. 559, sec. 30; *Ib.* 561, sec. 43; Constitution, art. 6, sec. 1; *Ib.*, art. 6, sec. 8; Wood's Digest, p. 375, secs. 3, 8, 9.

The case of the People v. Porter, 6 Cal. R. 26, is relied upon as authority, but the Court will perceive that the two cases are entirely dissimilar. In that case there was no vacancy in the office at the time the Supervisors made the order, and, as a matter of course, an order for an election to fill a vacancy which did not, and indeed might not exist at all, was a nullity, and was absolutely void.

*W. P. Barber*, for Respondent, contended that sec. 4 of the Act of 1855, did not apply to the office of County Judge, and consequently, the Board of Supervisors could not order an election. Counsel referred to the statutes, and also to *Ex parte* Ellis, 11 Cal. Rep. 222; People v. Porter, 6 Cal. Rep. 26.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This question has been, in effect, decided in the cases of People v.

Porter, 6 Cal. 26, and People *ex rel.* McKune *v.* Weller, 11 Cal. Rep. 49.    Some plausibility is given to the appellant's argument that this is a county office, and that by the Act of 1855, (Sessions Acts, p. 160) the Board of Supervisors has power to order an election to fill a vacancy in the office ; but the whole legislation on this subject contradicts this idea.    The terms of the Act of 1855 are, it is true, general, but they must be construed in connection with and as a part of the body of the legislation upon the general subject.    The Act of 1855·is an amendment of the Act of 1850, (C. L. 775) which gave to the *County Judge* this power, in the same words as the Act of 1855 gives it to the Supervisors ; but this first Act evidently did not mean to apply to the office of County Judge, of course, and the amendment was only made to throw the same duty imposed on the Judge, upon the Board—because of the objection that the Judge could only discharge judicial functions.    Other Acts show that the County Judge was not considered a county officer, in the sense of the Act of 1850 or 1855 ; he is to tender his resignation, when he resigns, to the Governor ; in case of vacancy, the County Clerk is to certify it to the Governor, who is to appoint ; the Governor is to issue a commission, which fills the office *until the next general election ;* and the Act (C. L. 774) requires the Governor " to give notice of the offices to be filled."    As the law requires the notification to be made to the Governor of the vacancies in this office, and the Governor has the power of appointment under this general law requiring his proclamation for a special election in such cases, we do not feel authorized to overthrow the express decision made in the case of People *v.* Porter, which declares the Governor's proclamation in such a case a condition precedent to the validity of the election.

The judgment is affirmed.