Syllabus—Statement.

# $taunton.

## HADDOX v. THE COUNTY OF CLARKE.

October 2, 1884.

1. LIQUOR LICENSES—*Application—Hearing de novo.*—Where, under Acts 1879-80, page 148, application for liquor license is refused by county court, and during the same term the applicant appeals to circuit judge or court (not upon bill of exceptions to rulings of county court), the appeal is but a transfer of the application to another tribunal, where it is heard *de novo. Leighton* v. *Maury,* 76 Va. 869 ; *Ex parte Lester,* 77 Va. 663.

2. STATUTES—*Construction—Local Elections.*—Where, as under Acts 1879-80, p. 271, a question is submitted to the qualified voters of a county and of each magisterial district, and it is made the duty of the sheriff of the county to post notices of the election at every voting place in the county within a prescribed period preceding the election, the failure so to post said notices invalidates the election.

3. PRACTICE AT COMMON LAW—*Parol Evidence.*—On application for liquor license in a county where such an election has taken place, either in the first case before the county court, or in the second case before the circuit court or judge in vacation, parol evidence is admissible to prove that notices of the election had not been posted, or that any other plain and express provision of the statute, providing for the election, had not been complied with. *Chalmers* v. *Funk,* 76 Va. 717.

Error to order of circuit judge of Clarke county, made in vacation, on 4th August, 1882, in refusing application of J. P. Haddox for a license to sell liquor by retail at Millwood Chapel magisterial district in said county.

Under Acts 1879–80, page 271, entitled " An act to provide for submitting the question of liquor licenses, or no liquor

licenses, to the qualified voters of Warren and Clarke counties, and to the qualified voters of each magisterial district in said counties, on the Tuesday succeeding the first Monday in November, 1880, and every two years thereafter,"—an election was held, which resulted in a majority against liquor licenses in Chapel magisterial district, but no notices of said election were posted in said district as required by said act. The plaintiff in error, on 10th April, 1882, applied to the county court of Clarke county for such license at Millwood in said district. The court certified that it was satisfied that the applicant was a fit person, and that his place was suitable for said business, but refused the application on the sole ground that at said election a majority of the votes cast in said district on the question of license or no license, was against license. And during the term, the applicant appealed of right to the circuit court or judge, giving bond as required by law. On 4th August, 1882, before the circuit judge of Clarke county, in vacation, the appeal came on to be heard *de novo,* when the honorable judge made the same order on the same ground. At the hearing, the applicant offered two witnesses to prove that notices of said election had not been posted in Clarke county and in said district as required by law; but the judge refused to admit such evidence and the applicant excepted. To this order the applicant obtained a writ of error and *supersedeas.*

*W. R. Alexander,* for the plaintiff in error.

*No counsel* for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court:

The record in the case shows that "at a county court begun and held for the said county of Clarke on the 10th day of April, 1882, upon the application of John P. Haddox for a license as retail liquor dealer as well as a bar-room liquor dealer, for one

year commencing May 1st, 1882, and ending April 30th, 1883, at Millwood, in Chapel district, in this county, in the store room now occupied by him, witnesses were examined touching the said application on behalf of the said applicant, and said application was refused ; whereupon, the said John P. Haddox took an appeal from the decision of this court to the circuit court of this county." And the said appeal came on to be heard in vacation before the judge of the said circuit court, at his chambers in Front Royal, on the 22d day of May, 1882, upon the record evidencing the election held November 2d, 1880, and vote upon the question of the prohibition of the sale of ardent spirits in Chapel magisterial district of Clarke county, in the words and figures following to wit :

"It is hereby certified that the number of electors at this election, held November 2d, 1880, at Millwood precinct, in Chapel magisterial district, in Clarke county, Virginia, amounts to two hundred and forty-seven votes. For license to sell intoxicating liquors received sixty-one votes. Against license for the sale of intoxicating liquors received one hundred and thirty-one votes. Nath'l Burwell, Champ. Shepherd and A. Wood, judges. Attest :ᵒ G. C. Neville, P. H. Shearer:" and the evidence of witnesses ; whereupon the said judge refused the said licenses, and upon the said hearing the said J. P. Haddox filed his bills of exceptions. The judge of the circuit court certifies, that upon the trial of the said application the said J. P. Haddox, the applicant, proved that, in every respect, he complied with the requirements of the general license law of the state to entitle him to the licenses as a bar-room liquor dealer and as a retail liquor dealer, having fully proved further, to the satisfaction of the judge of the said circuit court, that he, said Haddox, was a proper, fit and suitable person to conduct said business, and that the place was a suitable and convenient one for the purpose, it being the same where, for five years up to May 1, 1881, said applicant conducted said business in an orderly and exemplary manner. Said Haddox tendered to the said judge a good and

ample bond, with good and satisfactory security as required by law, and in all other respects fully complied with the requirements of the general liquor license law of the state; but the said judge refused to grant the application of the said Haddox, upon the sole and only ground, that at the general election held on the 2d November, 1880, a majority of those who cast ballots in regard to the matter in Chapel magisterial district were against granting license, as shown by the election returns of the county of Clarke at said election; that upon the said hearing of the said application, the applicant, J. P. Haddox, offered to prove by D. O. Beatty, who lived and kept store at Morgan's mill, one of only two voting places or precincts in Chapel district, in said county, and who was one of the clerks at said place at the election held November 2d, 1880, that no *notice* was ever posted at Morgan's mill voting place or precinct informing the voters that they were expected or would be allowed or could vote at that election, November 2d, 1880, or at any other time or place, upon the question of granting license to sell spirituous and malt liquors in said county, or any district or districts thereof, and only after voting had commenced were some of them informed by a private individual; but the judge refused to allow the said witness to testify in regard to this matter; that upon the said trial of this cause, J. P. Haddox offered to prove by John T. Crow, who was sheriff of Clarke county at the time of said election, November 2d, 1880, and had been sheriff ever since 1879, that *he* never posted, had posted, or authorized the posting at any time at any of the voting places or precincts in Clarke county notices of said election for license for sale of intoxicating liquors, or against license for sale of intoxicating liquors; or in any other way notified the voters of said county, or any voting place ồr precinct in said county, that they were expected. or would be allowed to vote at said November 2d election in regard to this matter; but upon objection made by the commonwealth's attorney, the judge refused to allow said Crow, sheriff, *to testify* in regard to this matter; that upon

the hearing of the said application, after all the evidence and argument of counsel, the said judge in vacation refused to grant the application of the said J. P. Haddox for a license to keep a bar-room and sell liquor by retail at Millwood, in Chapel district, in said county of Clarke, at his store room for one year, commencing May 1, 1882 ; but the court denied his said application, upon the sole ground that a majority of votes was cast against granting of license to sell liquor at the, election held in Chapel district of said county November 2d, 1880, under the provisions of the act of assembly 1879–80, entitled "an act to provide for submitting the question of liquor licenses or no liquor licenses to the qualified voters of Warren and Clarke counties, and to the qualified voters of each magisterial district in said counties on Tuesday succeeding the first Monday in November, 1880, and every two years thereafter."

The first section of the said act, after providing for the preparation of separate ballot boxes for the several voting precincts in said counties, in which shall be deposited the ballots of the qualified voters who may desire to vote upon the question of license for the sale of intoxicating liquors in said counties, or any magisterial district thereof, and prescribing the form of the ballots, enacts: "It shall be the duty of the sheriff of the county of Warren and the duty of the sheriff of the county of Clarke to post notices of said election at every voting place or precinct within their respective counties not less than twenty days preceding said election."

By the act of assembly, 1879–80, page 148, it is provided, " that if the court, to which application is made for a license, be fully satisfied, upon hearing the testimony for and against the application, that the applicant is a fit person, and that the place of business is suitable and convenient, it shall, upon the execution of a bond by the applicant, with good security, &c., grant the license. If the county or corporation court shall refuse to grant the application the tax shall be refunded, and the party aggrieved may, during the term at which such refusal is entered,

appeal to the circuit court of said county or corporation in term time or vacation, and the judge thereof shall take cognizance of the appeal, and may grant the license upon the terms required by this act."

In the case of *Leighton* v. *Maury,* 76 Va. (1 Hansbrough), p. 869, Judge Staples, says: "The appeal is, therefore, but a transfer of the case to another tribunal, where it is heard *de novo,* not upon errors assigned, but upon the testimony of witnesses, as in cases of roads, mills, probate of wills, and the like. The judge of the circuit court does not undertake to reverse or affirm the judgment of the county court; but it grants or refuses the license in the exercise of the jurisdiction conferred upon it by the statute."

It does not appear, from the bills of exceptions, signed and certified by the judge of the circuit court of Clarke county, which we have recited in full, upon what ground he refused to hear the testimony of the witnesses, propounded by the applicant Haddox, Beatty, the clerk of the election at Morgan's Mill precinct in said county, and of Crow, the sheriff, who held and conducted the said election in the county of Clarke, November 2d, 1880, under and by virtue of the said act of assembly 1879–80, page 271–2 ; but we are of opinion that the said judge erred, clearly and broadly, in so refusing to hear the said witnesses to prove that the plain and express provision of the statute, under which the said election was held, had not been complied with. He was hearing the application *de novo;* and the applicant, Haddox, had an indisputable right to show by the sheriff himself, whose express duty it was, under the statute, to post notices of the said election at every voting place or precinct in his said county not less than twenty days preceding said election, that he had posted none himself, nor had authorized any to be posted, and that in fact, there had been no notices of said election whatever, posted in the said Chapel district of Clarke county, nor in the said county.

We are of opinion, that for failure or lack of posting the re-

quired notices of the said election on the 2d day of November, 1880, the election held in Millwood, Chapel magisterial district of Clarke county, on the question submitted, under the act entitled an act, &c. (Acts of Assembly 1879–80, chapter 278), of liquor licenses or no liquor licenses, was a null and void election ; and that the appellant, Haddox, having brought himself fully and satisfactorily within all the requirements of the general liquor license law of the State, was entitled to have his licenses granted, on his said application to the county court; and, being there refused, on his appeal of right to the judge of the circuit court of Clarke county, the judgment of the circuit judge of Clarke county pronounced in this case, in vacation, is erroneous, and must be reversed and annulled ; and this case is remanded to the said judge of the circuit court of Clarke, with directions to hear the testimony of the witnesses—the said Beatty, clerk, &c., and John T. Crow, sheriff, on the application of the said J. P. Haddox for licenses according to the terms of the act of assembly prescribing the general liquor license law of the state found in acts of 1879–80, page 148.

JUDGMENT REVERSED.