STATE ex rel, etc., Respondent, v. CHARLES MARTIN, Appellant.

St. Louis Court of Appeals, January 16, 1900.

1. **Roads and Highways**: LOCAL OPTION LAW: NOTICE OF ELECTION: STATUTORY CONSTRUCTION. Under the provisions of the Act of the legislature, (Acts 1893, page 226) the notice of special election concerning the adoption of the local option law for the construction of roads and highways in any county, shall be published in some newspaper in the county for twenty-eight days, and the last insertion of said notice in a newspaper shall be within ten days next before such election.

2. ——: ——: ——. And the provisions of the statute relative to notice are mandatory, and a strict compliance therewith is necessary.

Appeal from the Clark Circuit Court.—*Hon. Edwin R. McKee*, Judge.

AFFIRMED.

*C. T. Llewellyn, T. L. & S. J. Montgomery* for respondent.

(1) The courts have, when these local option laws have been called in question, almost universally held the provis-

ions made for putting the law in force mandatory, and have required a strict compliance therewith, therefore the law can be held valid and effective. State ex rel. v. Ruark, 34 Mo. App. 325; Ex parte Sublett, 4 S. W. Rep. (Tex.) 894; Ex parte Smith, 30 S. W. Rep. (Tex.) 223. (2) The notice for an election to adopt a local option law must conform to the requirements of the act and in this case must be published whether submitted at a general or special election called for that purpose for a period of twenty-eight days. The notice called for by the act is absolutely essential to the validity of the election. State ex rel. v. Tucker, 32 Mo. App. 620; Leonard v. County Court, 32 Mo. App. 633; State ex rel. v. County Court, 33 Mo. App. 635; State v. Kaufman, 45 Mo. App. 656; State v. Kampman, 75 Mo. App. 188. The act provides that the county court shall make an order of record that the act be submitted to the voters at the next general election or at a special election to be held for that purpose at such time as the court may order. Sess. Acts 1893, sec. 29, p. 235.

*Blair & Marchand* for appellant.

Respondent's information does not state facts sufficient to constitute a cause of action or entitle respondent to the relief prayed for. The information states that the road law was submitted at a general election. The return of appellant admits this. Respondent seems to rely for the ouster of appellant solely upon the fact that the notice of election was not given for the full four weeks or twenty-eight days before the election, falling short three days. The law was submitted to the voters for the adoption at a general election, and not at a special. A "special election" means an election held on some day and time other than at a general election. A "general election" means the election held on the Tuesday succeeding the first Monday in November biennially. 2 R. S. 1889, sec. 6570, p. 1542.

BIGGS, J.—In 1893 the legislature enacted what is known as "the local option law," concerning roads and highways    (Acts 1893, page 226).    The act provides a comprehensive system for the opening and improving of highways under the supervision of a supervisor of roads in each county to be appointed by the county court.    The act further provides that the law shall not be enforced in any county, until a majority of the qualified voters of the county shall, at an election ordered by the county court, vote in favor of its adoption.    Concerning the notice of such election the county court is required to give notice of such election and of such submission "by publishing the same in some newspaper published in the county, such notice to be published for four consecutive weeks, the last insertion to be within ten days next before such election."    The law also provides that the question may be submitted either at a general or a special election called for that purpose.

In 1896, the county court of Clark county ordered the question of the adoption of this law to be submitted to the voters of the county at the general election held in that year.    According to the returns a majority of the votes cast were in favor of the law.    Thereupon the county court declared the law in force in the county, appointed a supervisor of roads, and took such other steps as were necessary to carry the law into effect.    Subsequently the court appointed Charles Martin, the appellant herein, road supervisor, and the prosecuting attorney of the county filed an information in the nature of a *quo warranto*, charging that Martin was unlawfully exercising the functions of said office.    The information averred the invalidity of the election, assigning, among other reasons, that the notice of the submission of the question was insufficient in point of time.    In his return or answer, Martin admitted that only twenty-five days notice of the election was given.    The circuit court sustained a

demurrer to the answer and Martin refusing to make a further return, judgment of ouster was entered against him. He has appealed.

It is conceded by counsel for appellant that the statute provides for twenty-eight days notice, and they also concede that if the proposition had been submitted at a special election, then under the decisions in this state in analogous cases (State v. Tucker, 32 Mo. App. 620; State v. Kampman, 75 Mo. App. 188; State v. Ruark, 34 Mo. App. 325), the provision of the statute as to notice would have to be construed as mandatory, and a strict compliance therewith necessary. But it is earnestly argued that as the question was submitted at a general election, of which all voters had notice, the statutory notice must be considered as directory merely. The logic of this argument is that if the question of the adoption of the law be submitted at a general election no notice whatever is necessary. We think this untenable. The object of the notice is twofold, that is to advise the voters of the time and place of election, and to give them sufficient time to discuss the merits and demerits of the law, thus guaranteeing an intelligent vote on the subject. Therefore it seems to us that the argument of counsel overlooks one of the chief purposes of the notice. We have no direct adjudication of the question in our own state, but analogous cases in other jurisdictions are against the contention of counsel.

The general rule as declared by the courts of other states is that where the object of the election and the time and place for holding the same are all fixed by the general law, then other required notice need not be given. In such cases the electors are presumed to know the law. George v. Township, 16 Kan. 72; Beal v. Ray, 17 Ind. 554; People v. Porter, 6 Cal. 26; McKune v. Weller, 11 Cal. 49; People v. Martin, 12 Cal. 409; Westbrook v. Rosborough, 14 Cal. 180; Haddox v. County, 79 Va. 677. But if any special matter is submitted at such an election the foregoing au-

thorities hold that the law authorizing its submission must be strictly followed.

Thus in Virginia there is a statute similar to our "local option law" as to the sale of spirituous liquors, except the question may be submitted at a general election, whereas our statute prohibits this. Such a vote was taken at a general election and the supreme court of Virginia in Haddox v. County, *supra,* held the election to be void for want of the statutory notice.

In Indiana there was a vote taken at a general election to fill a vacancy in a public office. The statute required twenty days' notice of elections to fill such vacancies, which was not given. In Beal v. Ray, *supra,* the supreme court of Indiana held the election of the officer void for want of the requisite notice. Speaking of the notice and its objects the court said: "It secures to them (the voters) time to examine the qualifications of volunteer candidates, to bring out others of their own volition if desirable, and to ascertain precisely what the voters have to do, and to secure some concert of movement, some concentration of public opinion and action so as to prevent a few persons near the public offices from imposing officers for long periods upon the people. This in popular governments is a matter of the utmost importance."

The supreme court of California in People v. Porter, *supra,* held that an election to fill a vacancy in a public office, although the vote was taken at a general election, must be regarded as a special election, and that the special notice required for taking such a vote was essential. The court said: "It is essential to the proper exercise of the elective franchise that the voters should be informed of the offices in which vacancies have occurred before each general election, in order that they may select fit and proper persons to perform the duties of such offices."

Our conclusion is that the election in controversy in the case at bar was void, and hence the judgment of ouster against the appellant will be affirmed. All concur.