[No. 2169.    Nov. 26, 1917.]

BARRY et al. v. BOARD OF EDUCATION OF CITY OF CLOVIS et al.

### SYLLABUS BY THE COURT.

Where an election is special, and the statute prescribes the authority which must call the election, the time and place of holding the election can be fixed only by the authorities designated in the statute. Hence municipal school district bonds, authorized at a special election, called, held, and conducted by the board of education, instead of the city council and mayor, as provided by statute, are invalid, and their issuance and sale may be enjoined.

Appeal from District Court, Curry County; McClure, Judge.

Suit for injunction by John H. Barry and others against the Board of Education of the City of Clovis, State of New Mexico, and A. Z. Rogers. Judgment for defendants, and plaintiffs appeal. Reversed, and cause remanded with instructions to issue an injunction.

A. W. Hockenhull, of Clovis, for appellants.

Creation of debt against school district after proposition has been submitted to electors thereof.

33 Cyc. 990; 15 Cyc. 322; Board of Education v City National Bank of Roswell, 167 Pac. 715.

Patton & Bratton of Clovis, for appellees.

Mere irregularities in calling, conducting and holding election will not invalidate election, if no fraud is practiced.

Ackerman v. Haenck, Ill. 35 N. E. 381; Williams v. Shoudy, Wash. 41 Pac. 169; Knight v. Town of West Union, W. Va. 32 S. E. 163; Epping v. City of Columbus, Ga. 43 S. E. 803; Seymour v. Tacoma, Wash. 33 Pac. 1059; Ardmore v. State, Okla. 104 Pac. 913; Town of Grove v. Haskell, Okla. Pac. 56; People v. Earl, Colo. 94 Pac. 294; Littlejohn v. People, Colo. 121 Pac. 159; Dillon on Municipal Corporation, Vol. 1, § 374; McQuillin on Municipal Corporations, Vol. 5, § 2202; Simonton on Municipal Bonds, (1896) § 71; McCrary on Elections, § 225; Howard et al v. Luke et al, Ariz. 164 Pac. 439; Phillips Inv. Co. et al v. School District No. 5, Benton County et al, Colo. 144 Pac 1129; Territory v. Board of Supervisors, Ariz. 12 Pac. 730; Bouch et al v City of Cabool et al, Mo. 148 S. W. 1003; State ex rel, Town of Vanton v. Allen Auditor, Mo. 77 S. W. 868; Chambers, et al v. Board of Directors of Independent School District, of Knoxville City, Iowa, 154 N. W. 581; Clark v. Board of Trustees Dawson Springs Graded School, Ky. 175 S. W. 359; Murphy v. City of Spokane, Wash. 117, Pacific 476; Paneway v. City of Duluth, Minn. 68 N. W. 24.

### OPINION OF THE COURT.

ROBERTS, J.   Appellants are citizens and taxpayers of the city of Clovis, Curry county, this state, and of the municipal school district within such city.   Prior to November 17, 1917, such municipal district had held two elections for the purpose of voting upon the question of the issuance of $75,000 worth of school district bonds of

such district, for the purpose of building and completing a proposed new high school building; $50,000 worth of bonds being authorized at the first election, and $25,000 more at the second election. The bonds were authorized by a large majority of the votes cast and have been signed by the president of the school board, and such school board has entered into a contract with a contractor for the erection of the building contemplated. By the terms of the contract, such contractor agreed to accept the bonds at par in payment for the erection of the school building. The bonds have not been delivered to the contractor ,but were placed in escrow with a named bank for delivery under the terms of the contract.

On the 17th day of November, 1917, the appellants filed suit in the district court of Curry county against the board of education of the city of Clovis, and A. Z. Rogers, the contractor, and in their complaint they set forth the facts as above stated, and further alleged that said bonds were illegal and void because such elections had not been called and held by the proper authorities; that such elections had been called and notice thereof given and the officers for conducting such elections had been appointed by the board of education of the city of Clovis; whereas, under the law such elections could only be legally called, held and conducted by the mayor and city council of the city of Clovis. The complaint prayed an injunction against the board of education and the contractor, enjoining them from negotiating such bonds or proceeding further under the contract for the erection of such school building. The district court held the bonds to be valid and legal obligations of the school district and denied the injunction from which judgment of the district court this appeal is prosecuted.

The only attack upon the validity of the bonds in question is that the election was not called and notice thereof given by the proper authorities. In the case of Board of Education v. Citizens' National Bank, 23 N. M. ——, 167 Pac. 715, this court construed the statutes relative to voting bonds by municipal school districts

and held that such an election should be called, held and conducted in the same manner as school officials are elected, in so far as such procedure is applicable, and said that the election should be called by the city council, notice thereof given by the mayor, and the returns made to and canvassed by the city clerk and mayor, all as provided for in the case of election of the municipal school district officers. In the instant case appellees concede that the proper procedure in this regard was not followed, but insist that it was an irregularity in calling and conducting and holding the election which did not invalidate the result of the election, no fraud being practiced. They are wrong, however, in this contention.

Where an election is held under authority of an order of the proper authorities and in the main conforms to the requirements of the statute, though wanting in some particular not essential to the power to hold such an election, and is acquiesced in by the people and approved by their agent, such irregularities do not render the bonds thus issued void, but, as stated in 9 R. C. L. § 20:

"It is in any event essential to the validity of such election that they be called, and the time and place thereof fixed by the very agency designated by law and by none other. For example, where a mayor and city council are authorized to call a special election, the mayor has no power to act alone, or where the governor and the board of supervisors are given authority an election called by the sheriff will be invalid. An election not called by the proper officers is without authority of law and void."

A very valuable note on this proposition is found in 90 Am. St. R. 61.

"Where an election is special, and the statute prescribes the authority which must call the election, the time and place of holding the election can be fixed, only by the authorities designated in the statute. So where the Governor or the board of supervisors have authority to call a special election, one called by the sheriff will be invalid. People v. Palmer, 91 Mich. 283, 51 N. W. 999. In this respect general elections, the time and place of holding, which are fixed by law, differ from special elections, in that a failure to properly call such elections will not invalidate them. But in special elections, where the law fixes no time or place of holding them, leaving that to be named by some authority named

in the statute, it is essential to the validity of such elections that they be called, and the time and place thereof fixed, by the very agency designated by law, and none other. Stephens v. People, 89 Ill. 337. And see Adsit v. Secretary of State, 84 Mich, 420, 48 N. W. 31 [11 L. R. A. 534]; People v. Highland Park, 88 Mich. 653, 50 N. W. 660; People v. Porter, 6 Cal. 26; People v. Martin, 12 Cal. 409. So where a mayor and city council are authorized to call a special election to submit the question of incorporation to the voters, the mayor alone has no power to act. Stephens v. People, 89 Ill. 337. And where a town clerk is the proper officer to call an election to vote aid to a railroad, an election called by town supervisors will be void. Force v. Batavia, 61 Ill. 99. And see Clark v. Board of Supervisors, 27 Ill. 305.".

From the foregoing authorities it is apparent that the election in question was called and notice thereof given by the wrong agency, and the bonds authorized by such election are invalid. Had the bonds in question passed into the hands of innocent purchasers and such bonds contained recitals to the effect that the provisions of law relative to their issuance had been complied with, a different question would be presented; but the stipulated facts in this case show that such is not the case.

For the reasons stated, the judgment of the district court will be reversed and the cause remanded, with instructions to enjoin the parties from proceeding further in the contract and negotiating such bonds, and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

SYLLABUS BY THE COURT.