STATE OF NEBRASKA, EX REL. LOUIS OTTO, V. COUNTY COMMISSIONERS OF LANCASTER COUNTY.

FILED SEPTEMBER 16, 1896.   No. 6834.

Mandamus: PROCEDURE: APPLICATION. In an action for *mandamus* the application for the writ shall be by motion, supported by an affidavit in which the facts are stated upon which the application is predicated. A petition, verified as pleadings in civil actions under the Code are ordinarily, is insufficient when depended upon to fill

the place of an affidavit, and an application thus made should be denied and the writ withheld. (*State v. Mayor of City of Lincoln*, 4 Neb., 260.)

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*Stearns & Strode*, for plaintiff in error.

*W. H. Woodward*, *J. L. Caldwell*, and *F. A. Boehmer*, contra.

HARRISON, J.

The relator herein claimed to be entitled to hold the office of constable and to exercise the duties thereof in and for the city of Lincoln, and made an application to the district court of Lancaster county for the issuance of a writ of *mandamus*, directed against respondent, ordering and compelling it to approve his official bond as such officer, which he alleged he had prepared and presented to the board and which it had failed and refused to approve, notwithstanding the board admitted the "sufficiency of the financial ability of the sureties" and that the bond was in proper form. It was objected for respondents in the trial court, and is urged here, that the application was insufficient, in that it was not supported by an affidavit of the truth of the facts alleged as its basis. The application was in form an ordinary petition, and the verification stated that the relator had read the application, "and that the facts therein contained are true, as he verily believes." No motion for the issuance of the writ was made, nor was there any affidavit filed setting forth the facts relied upon as establishing the relator's right to demand that the writ should issue. The application was fatally defective, and such defect was sufficient reason for withholding the writ. (Code of Civil Procedure, sec. 649; *State v. Mayor of the City of Lincoln*, 4 Neb., 260; *State v. School District*, 8 Neb., 98; *Collett v. Allison*, 25 Pac. Rep. [Okl.], 516.) In the last

named case the supreme court of Oklahoma had under consideration section 649 of our Code of Civil Procedure, which was extended to Oklahoma by section 11 of the organic act of the territory. There are other questions discussed in the briefs filed, but as the conclusion reached on the point considered effects a final disposition of the action, we need not discuss them. The judgment of the district court is affirmed.

We may say here that the applicability or wisdom of the rule announced may well be doubted in a case wherein a public prosecutor or attorney makes, or it becomes his duty to make, application for a writ of *mandamus*, and he has not personal knowledge of the facts and they cannot be or are not very readily brought to his personal knowledge, so that he can state them positively in a petition or affidavit, but the question is not involved or presented in the present case and no opinion is expressed upon it. The action now before us is one in which the rule is applicable and of force.

AFFIRMED