

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Charles S. McMillan,
County Attorney
San Augustine, Texas

Dear Sir:

Opinion No. O-1438
Re: Effect of attempted resigna-
tion of all members of board
of trustees of rural high
school district.

     In your letter of June 10, 1940, you advise us of the following facts: On May 28, 1940, at a meeting of the board of trustees of a rural high school district there was presented to the board a petition signed by forty-seven patrons of the school requesting that the superintendent of the school be continued in the position. Thereupon all seven members of the board signed a paper addressed "To the sponsors of this petition, and the patrons of this School District No.14, who comprise the 47 names signed thereto", which after brief recitations concluded, "we therefore submit to your will, and herewith hand you our resignations, to take effect immediately." No authority has yet undertaken to fill the vacancies, if any, arising from the above happenings, and you advise that some of the trustees now wish to remain on the board. You request our opinion in response to two questions, viz: (1) whether the attempted resignation was effective, and (2) if so, who has the power to fill the vacancies caused thereby?

     Section 17, of Article 16, of our Constitution requires that "all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." It has been held that this provision applies to the trustees of a consolidated common school district. Plains Common Consol. School Dist. vs. Hayhurst, 122 S. W. (2d) 322, by the Amarillo Court of Civil Appeals. In our opinion it would also be applicable to trustees of rural high school districts. From the opinion in the above cited case we quote:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Charles S. McMillan, page 2

"Under a general provision of the Constitution, Vernon's Ann. St. Const. art. 16, § 17, 'all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.' In construing this provision of the Constitution, in 34 Tex. Jur. 370, para. 31, we find this language: 'The purpose of the constitutional and statutory provisions requiring officers to hold over until their successors have qualified is to prevent vacancies in office and a consequent cessation of the functions of government. The constitutional provision is self-executing, and, like the similar provisions in the statutes, it is mandatory. Under the Constitution an officer cannot arbitrarily divest himself of the obligation and authority to perform the duties of his office until his successor qualifies; and even though he resigns and his resignation is accepted, the law operates to continue him in office until his successor qualifies. * * *:'"

As said in McGhee vs. Dickey, 23 S. W. 404, "the public necessity for continuity of official tenure is not left to the caprice of the officeholder." In the cases of Keen vs. Featherston, 69 S. W. 983 (error refused), El Paso and F. W. R. Co. vs. Ankenbaner, 175 S. W. 1090, Ringling vs. City of Hempstead, 193 Fed. 596, it was held that under the above constitutional provision an officer's resignation does not become effective until the appointment and qualification of his successor. In Badger vs. U. S., 93 U. S. 599, 23 L. Ed. 991, under a constitutional provision of Illinois almost identical with our own, the Supreme Court held that the qualification of a successor was necessary to the effectiveness of a resignation.

From the opinion of the Supreme Court of South Carolina in the case of State vs. Stickley, 61 S. E. 211, we quote:

"The remaining questions presented by the petition and return all depend upon whether a public officer, who has tendered his resignation unconditionally, can withdraw the same before acceptance; or what is the effect of an

unconditional resignation. On this question the authorities are not in accord. There is a line of cases maintaining the proposition that an unconditional resignation tendered to the authority entitled to receive it cannot be withdrawn. State v. Fitts, 49 Ala. 402; State v. Hauss, 43 Ind. 105, 13 Am. Rep. 384; State ex rel. Kirtley v. Augustine, 113 Mo. 21, 20 S. W. 651, 35 Am. St. Rep. 696; State v. Clarke, 3 Nev. 566. On the other hand at common law and in a great number of the states the doctrine prevails that the resignation of a public officer is not complete until it is either expressly or by implication accepted by the proper authorities. State v. Clayton, 27 Kan. 442, 41 Am. Rep. 418; Coleman v. Snads, 87 Va. 689, 13 S. E. 148; State v. Ferguson, 31 N. J. Law, 107; Van Orsdall v. Hazard, 3 Hill (N. Y.) 243; Edwards v. United States, 103 U. S. 471, 26 L. Ed. 314; Hoke v. Henderson, 15 N. C. 1, 25 Am. Dec. 677; 1 Dillon, Munic. Corp. (3d Ed.) 249. In the case of State v. Ancker, 2 Rich. Law, 245, this rule was applied to the resignation of certain officers and members of a church, the court saying: 'The question is whether such a resignation has been made and accepted according to law, and in a way obligatory on all the parties to this controversy. To make it so there must have been both a resignation cum animo and an acceptance of it on the part of the acting and responsible government at the time.' In the absence of statute this rule is supported by the better reasoning and the greater weight of authorities, and has been adopted by the Supreme Court of the United States. Edwards v. United States, 103 U. S. 471, 26 L. Ed 314. Until the tender or offer to resign is accepted by the proper authority, it can be withdrawn. * * *"

It is our opinion that those trustees wishing to do so may withdraw their attempted resignations, since no successors have been appointed.

On May 12, 1939, the Tax Assessor and Collector of Bexar County tendered his written resignation to the Com-

missioners' Court of Bexar County. On the following day, and before any action had been taken on such resignation, he delivered to the same body a written withdrawal of such resignation. In our Opinion No. O-855 we held that the withdrawal of the resignation was effective and placed the situation in the same condition as it would have been if the resignation had never been tendered to the Commissioners' Court. We hand you herewith a copy of that opinion.

Should some of the trustees continue in their wish to resign they may do so by tendering their resignations to the remaining members of the Board, who would be empowered to appoint their successors. Our Opinion No. O-2230; Clark vs. Wornell, 65 S. W. (2d) 350.

For all practical purposes we believe the above sufficiently answers your questions, without going into the problem as to what body or authority could accept such a group resignation and provide for successors.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:jm

Enol.

APPROVED JUN 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN